# William T. Trego, Plff. in Err., v. Pennsylvania Academy of the Fine Arts.

In a competition for prizes, where a jury of awards is constituted a tribunal to pass upon the merits and decide to whom the prizes should be awarded, there can be no recovery of a prize without an award.

(Decided April 19, 1886.)

Error to Common Pleas, No. 3, of Philadelphia County to review a judgment for defendant on demurrer in an action of assumpsit for refusal to pay the amount of a competition prize. Affirmed.

The Pennsylvania Academy of the Fine Arts sent out the following circular announcing a "proposed competition in historical painting, for the autumn of 1883, to be known as 'The Temple Competition.'"

"Believing that the general interest in art may be greatly strengthened in this country by exhibitions showing the best work of our best artists, devoted to the most important subjects; and desiring to do all that may be found practicable towards changing the present state of affairs, which offers artists little or no encouragement to undertake such work, the Pennsylvania Academy of the Fine Arts proposes a competition, under the following conditions and regulations, hoping for the earnest co-operation of all American artists.

"1. To be eligible as a competitor, an artist must be a citizen of the United States of America; but his place of residence will not be considered.

"2. All works submitted must be paintings in oil, executed expressly for this competition.

"3. The size of the canvas must not exceed eight feet by ten (8 x 10); but it is desired that each competitor shall exercise full discretion in the selection of a smaller size.

"4. The subject represented must be an essential part of the history of our country, either civil or military, restricted to the War for Independence, with events leading thereto, or resulting therefrom, during the latter half of the eighteenth century.

"5. Acceptance for exhibition of the paintings submitted will

be preliminary to the competition for prizes. All works must be entered for the fifty-fourth annual exhibition of the academy, to be held in the autumn of 1883. Due notice of the opening, and of arrangements to be made by the academy for collecting exhibits, will be given by circular. Artists at home or abroad, whose addresses may be changed before the issue of this circular, will confer a favor by notifying the secretary of the academy.

"6. The jury of awards will consist of four directors of the academy, and three other gentlemen well known in art circles,— one from New York city, one from Boston, and one from Baltimore; but no member shall be a professional artist.

"7. The prizes to be awarded will be as follows: (1) A money prize of $3,000, the picture for which it is given to become the property of the academy; (2) a gold medal; (3) a silver medal; (4) a bronze medal.

"Note.—For these prizes, the academy is indebted to the liberality of Mr. Joseph E. Temple.

"8. Notice of intention from artists desiring to compete, stating the size of the painting proposed, should be sent to the secretary of the academy. It is requested that this notice be given on or before January 1st, 1883; but artists complying will not thereby incur any obligation.

"Philadelphia, August 31, 1882."

The jury of awards reported as follows:

The jury met at the academy on the 16th day of November, 1883, and, having taken cognizance of the terms of the competition, proceeded to examine the four pictures submitted, as having been sent to the academy in compliance therewith.

It was with feelings of regret that the jury found that so small a number of pictures had been entered, and that the merit of these did not, in their judgment, permit the award of the most valuable prizes offered by the liberality of the founder of the competition.

The following preamble and resolutions, embodying the decision of the jury, were adopted by an unanimous vote:

"Whereas, The jury upon the Temple prizes have duly considered the pictures entered for competition at the fifty-fourth annual exhibition of the Pennsylvania Academy of the Fine Arts, be it

"Resolved, That it is the unanimous judgment of the jury

that no picture entered in competition merits either the prize of $3,000 or the gold medal.

"Resolved, That it is the unanimous judgment of this jury that the silver medal shall be awarded to Mr. William Thomas Trego, for his picture, No. 347, 'The March to Valley Forge, December 16th, 1777.'

"Resolved, That the bronze medal be not awarded."

The plaintiff refused to accept the award and brought assumpsit for the amount of the first prize. The defendant pleaded the above-recited report of the jury of award, and the tender to the plaintiff of the third prize.

The plaintiff demurred to the plea, upon the ground that the action of the jury of award was beyond its power, and not binding on either the plaintiff or defendant.

The demurrer was overruled, and judgment entered for defendant.

The plaintiff thereupon took this writ, assigning for error the action of the court in overruling the demurrer and entering judgment for the defendant.

*Carroll R. Williams, Geo. H. Earle, Jr.,* and *Richard P. White,* for plaintiff in error.—It is the plain import of the award that the plaintiff's was the best picture offered. Therefore he is entitled to the first prize.

It cannot be successfully maintained that, because the plaintiff submitted to the proposition to have the prizes awarded by the jury of awards, he thereby bound himself to abide by their decision in any event. While not disputing the well-settled rule that parties are bound by the decision of an arbitrator, where the contract provides that any dispute touching the quality or value of work should be referred to the arbitrator, whose decision should be final, yet it is equally well settled that an award not covered by the submission is not binding. South v. South, 70 Pa. 195; Smith v. Reeves, 2 H. & W. 306.

The jury of awards, in assuming to declare that no picture offered was worthy of either the first or second prize, assumed a power they did not possess, and usurped the province of the committee on entries, whose duty it was to scrutinize all paintings submitted, and reject such as were deemed unworthy for competition. It was their duty to distribute the prizes among

those admitted to compete.    There is no hint in the prospectus
that the four prizes would not be awarded.

Construing the whole contract with the award so as to effect
the intention of the parties, its plain import is that the plaintiff
painted the best picture, and that the $3,000 belongs to him.

*John G. Johnson*, for defendant in error.—It was not obliga-
tory upon the defendant to pay $3,000 for a picture which the
jury of awards should decree to be unworthy of the prize.    It
did not agree to give the first prize to the best picture presented.
It agreed only to give the prizes to those to whom they should
be awarded.    Upon the plaintiff's theory, if only one picture
should be entered, the jury of awards would have nothing to do,
and the artist would be entitled to the four prizes.

The mere invitation to compete did not bind the defendant
to give the prizes, although not awarded.

In Spencer v. Harding, L. R. 5 C. P. 561, the defendant sent
out a circular, as follows:  "We are instructed to offer to the
wholesale trade for sale by tender the stock in trade of A,
amounting, etc., and which will be sold at a discount in one lot,
payment to be made in cash.    The tenders will be received and
opened at our offices."    It was held that this did not amount to
a contract or promise to sell to the person who made the highest
tender.

In People *ex rel.* Hackley v. Croton Aqueduct Board, 49
Barb. 259, the defendant issued proposals for the building of
a stone tower, engine house, etc., under a statute giving it
authority for that purpose.    The advertisement declared that
proposals would be received at the defendant's office on a certain
day, at which time the bids would be publicly opened and read,
and the award of the contract made.    The relators were the
lowest bidders for the work, but the defendant refused to award
the contract to anyone, on the ground that there was no appro-
priation to cover the expense, and that it had decided that the
public interest required that the work should be readvertised
and let.    It was held that there was no obligation to award the
work.

In Topping v. Swords, 1 E. D. Smith, 609, it was held:
"Where an owner of real estate, about to erect a building
thereon, causes plans and specifications to be prepared, and
then invites masons, carpenters, and others to submit offers of

the terms, prices, etc., at which they will perform the work, the owner is not bound (in the absence of an express pledge to that effect on his part) to employ the party who offers to do the work at the lowest price. . . . The owner is not liable, to one whose offer is rejected, for the time and labor employed by the latter in examining the plans and specifications to prepare nimself to make his offer." See also Smith v. New York, 10 N. Y. 504.

The plaintiff is not entitled to recover in the face of an award to the effect that he is not entitled.

In Monongahela Nav. Co. v. Fenlon, 4 Watts & S. 205, it was held that, where the parties to a contract provided for the decision of an engineer as to the work, the plaintiff could not recover without showing such a decision in his favor.

The English authorities are to the same effect: Thurnell v. Balbirnie, 2 Mees. & W. 786; Scott v. Avery, 5 H. L. Cas. 811; Brown v. Overbury, 11 Exch. 715; Scott v. Liverpool, 3 De G. & J. 334; Babbage v. Coulburn, L. R. 9 Q. B. Div. 235.

PER CURIAM:

The manifest meaning of the proposal is that prizes would be given in pursuance of awards, and not contrary thereto.

The persons who shall compose the jury of awards are stated in the offer. They were to constitute the tribunal to pass upon the merits of the paintings, and to decide to which prizes should be awarded. Unless so awarded by this jury no prize was demandable. There was, therefore, no error in entering judgment for the defendant on the demurrer.

Judgment affirmed.