SOUTHWESTERN LAND CO. v. McCALLAM.

No. 2931.   Opinion Filed November 25, 1913.

Rehearing Denied March 17, 1914.

(136 Pac. 1093.)

1.  REWARDS—Public Offer of Prize—Petition—Essential Alle-
    gations.  In an action to recover a prize which has been offered
    by defendant and which is to be paid pursuant to an award to be
    made by a jury selected under specific conditions set forth in the
    offer, it is essential that plaintiff allege either that such prize had
    been awarded as provided in the offer, or that such award, stating
    the facts, had been prevented by some fault of defendant.

2.  SAME—Submission of Issues—Conflicting Evidence.   And where
    plaintiff's right of recovery depends upon whether such award
    has been made under the conditions of the offer, and such fact is
    to be determined from conflicting testimony, it is error to refuse
    to submit such issue to the jury.

(Syllabus by Harrison, C.)

*Error from County Court, Choctaw County;*
*W. T. Glenn, Judge.*

Action by Olivia McCallam against the Southwestern Land
Company on a contract.   Judgment for plaintiff, and defendant
brings error.   Reversed.

*E. H. Foster* and *R. E. Stephenson,* for plaintiff in error.

*B. D. Jordan,* for defendant in error.

Opinion by HARRISON, C.   This cause was tried in the
county court of Choctaw county in February, 1911, upon an
appeal from a judgment rendered against the Southwestern Land
Company in the justice court of said county.   The suit was upon
the following proposition or notice which was published in the
newspaper, and which plaintiff accepted and brought suit as upon
a contract, to wit:

"EXHIBIT A.

"$100.00 in Gold to be Given Away.

"A free contest for the purchasers of lots in Frisco addi-
tion.   The Southwestern Land Company has deposited in the

Hugo National Bank $100.00 in gold to be paid for the best article stating reasons why Hugo is going to be one of the largest cities in the new state of Oklahoma and why Frisco addition is sure to be the most desirable residence portion of Hugo.

"Frisco addition lots are sure to double in value within one year and you can make money by entering this contest whether you secure the $100 in gold or not. If you do win the gold then you will be amply repaid for the time you put in thinking.

"This contest is open to all purchasers of lots in the Frisco addition and those who have made purchases previous to August 20th will be allowed thirty days from that date to submit any article they may desire to offer in the contest. Those who purchase hereafter will be allowed thirty days from date of purchase.

"On January 1st three disinterested persons shall be chosen by the majority of the purchasers present to decide who is entitled to the $100 in gold and the money shall be promptly paid to the person who offers the best article according to the decision of the judges to be selected.

"This money will be paid to the purchaser who writes and delivers to us within thirty days after purchase is made, the best article not to contain more than three hundred words, giving reasons why Hugo should have a population of twenty-five thousand in five years and why Frisco addition is sure to always be the most desirable residence portion of the city.

"If you are familiar with Hugo's surroundings and will stop and think for a moment, you can clearly see why Hugo is sure to be one of the largest cities in the new state of Oklahoma and, if you do not know why Frisco addition is going to be the most desirable residence portion of Hugo, all you have to do to be convinced of this fact is to go out and look it over and then compare its advantages with other portions of Hugo.

"The excellent drainage, the productive soil, the beautiful shade trees, the abundance of pure soft water and the fresh pure air are a few of the many advantages to be taken into consideration when you go to build your home.

"Frisco addition lots are being sold on long terms and easy payments. Buy a lot and win $100 in gold.

"THE SOUTHWESTERN LAND Co.,
"Hugo, I. T."

The foregoing notice was attached to and made part of the following bill of particulars:

"That defendant, on or about the 20th day of August, 1907, published in the Choctaw County Chronicle, a newspaper published in the city of Hugo, an offer of $100 for the best article written by any one giving reasons why Hugo should have a population of 25,000 within five years, and why the Frisco addition is sure to always be the most desirable residence portion of said city. The plaintiff wrote the only article, and complied with all the terms and conditions of said contract; that said article was delivered to defendant and accepted by it; that plaintiff has made demand on defendant for the payment of said $100, but that said defendant has refused, and still refuses to pay the same. Wherefore plaintiff prays judgment against said defendant in said sum of $100."

Defendant demurred to the bill of particulars for failure to state a cause of action, in that it failed to show that plaintiff had performed all of the conditions precedent to recovery. The demurrer was overruled because of the general allegation "that plaintiff wrote the only article and complied with all of the terms and conditions of said contract." The court's action in this regard is assigned as error; but, while the allegation may be too general and too indefinite to constitute good pleading, yet we think it might be held sufficient in this regard as against a general demurrer. However, the plaintiff's right of recovery on the contract sued upon must rest, not only on the fact that she had written the article and submitted it to the company, but that the $100 gold prize had been awarded to her by a decision of three distinterested persons to be chosen as provided in paragraph 4 of the contract, or that, having performed all things incumbent upon her under the contract, she had been deprived of such decision by some fault of the company. The allegations in this regard we think are insufficient.

Besides, in the trial of the case the defendant offered the following instructions which the court refused to give, to wit:

"First. Unless you find that there was an appointment by the purchasers of three judges and that said article of plaintiff's was submitted to them for their judgment, then you will find for the defendant. Second. Unless you further find that the article claimed to have been written by plaintiff was submitted to judges appointed by the purchasers of lots in said addition, and unless

you further find that said judges found said article to be the best written, then you will find for the defendant."

This was a material issue in order to determine plaintiff's right of recovery. She evidently had no right of recovery unless the prize had been awarded to her by a jury selected as provided in the contract. That is, unless such award or decision had been prevented by some fault of defendant, and this being a material issue to be determined by the jury from the evidence, inasmuch as such issue was not covered or presented to the jury by the court's charge, we think it was error to refuse the instructions offered.

In the case of *Trego v. Pennsylvania Academy of Fine Arts* (Pa.) 3 Atl. 819, the identical question of pleading and issue of fact as to plaintiff's right of recovery were involved. In that case the court said:

· "The manifest meaning of the proposal is that prizes would be given in pursuance of awards, and not contrary thereto. The persons who shall compose the 'jury of awards' is stated in the offer. They were to constitute the tribunal to pass upon the merits of the paintings, and to decide to which prizes should be awarded. Unless so awarded by this jury, no prize was demandable."

We think that the issue of fact tendered by defendant in the offered instructions should have been submitted to the jury, and that the court erred in refusing to submit same.

The judgment should be reversed, and the cause remanded. By the Court: It is so ordered.