DESLONDES *vs.* WILSON ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The public offer of a reward for the recovery of lost property, creates an obligation on the part of the loser, which may be enforced by the person, through whose means the property is restored.

A part of the reward only is due to the finder of a part of certain articles, for the recovery of all of which, the reward has been offered.

The facts of the case are fully stated in the opinion of the court, PORTER, J. absent, delivered by MARTIN, J.

The petition states a negro slave broke open a press in the plaintiff's house, and stole therefrom, a sum of about three thousand dollars, with a number of valuable papers; that he was arrested on board of a boat, and jumped into the river and was drowned, and afterwards, his body being picked up, a packet, containing two thousand five hundred and eighty-two dollars, in bank paper, was taken out of his jacket pocket, and deposited in the Bank of Louisiana, by the defendant, Wilson, to be delivered to one of the other defendants, mayor of the city of New-Orleans, on a check which the first named defendant gave him. The present suit was brought against them and the cashier of the Bank of Louisiana, for the purpose of obtaining the said packet.

The mayor deposited in court the check, which the defendant, Wilson, had given him, and denied any agency in the matter.

The cashier admitted the special deposit of the packet by the defendant, Wilson, in bank, denied having ever refused, and averred his willingness to deliver the packet, on the presentation of the check.

The defendant, Wilson, admitted his taking the money from the body of the drowned slave; denied the plaintiff having ever exhibited any proof of the money being hers, and

EASTERN DIS.
May, 1833.

DESLONDES
vs.
WILSON ET ALS.

averred she was not the owner thereof, and concluded, that if she established her property therein, he was entitled thereout to a sum of five hundred dollars, which by an advertisement in the newspapers, she had offered for the recovery of the money.

The District Court allowed to the defendant, Wilson, five hundred dollars, and decreed the rest to be delivered to the plaintiff, but condemned the former to pay costs.

The plaintiff appealed, and the defendant has prayed the amendment of the judgment, so far as to relieve him from the payment of costs, and to allow that to him.

The appellee's restricted prayer for the amendment of the judgment, her relieved as from the trouble of any inquiry as to the plaintiff's ownership.

We are, however, to examine her objection to the allowance made to the defendant.

His agency appears to have been confined to the taking out of the pocket from the corpse, and its safe deposit in bank. This does not present a claim of salvage. His claim is, therefore, as a *nogotiorum gestor* or on the advertisement. In the former capacity, he could not claim a great deal; but it is just, that where a party endeavors to excite attention and industry, for the recovery of his property, he should not be permitted to disappoint the just expectations which he has induced, or those by whose means he may regain his property.

The evidence in this case, does not, however, fully support the allegation in the answer, that five hundred dollars were offered for the recovery *of the money.*

The advertisement announces, that besides a sum of about three thousand dollars, sundry very valuable papers, promissory notes, &c., to the amount of about fifteen thousand dollars, and a reward of five hundred dollars is offered for the recovery of the *described lost property.*

We have not been favored by an argument from the plaintiff's counsel; that of the appellee has urged that the advertisement states that the payment of the notes has been stopped, from which he infers, that the loss of them is not very important.

*The public offer of a reward for the recovery of lost property, creates an obligation on the part of the loser, which may be enforced by the person thro' whose means the property is restored.*

The district judge has allowed the *reward* of appellee for the recovery of the whole property, although but a part of it has been recovered. There was property in promissory notes to the amount of fifteen thousand dollars, and in bank notes and specie, about three thousand dollars, in all, eighteen thousand dollars; the sum recovered, two thousand five hundred and eighty dollars, *i. e.* about one-seventh part. It is true, the promissory notes being only the evidence of the debt they represent, the loss of them does not necessarily bring with it, the loss of the money due, if the notes were not endorsed in blank; that the absence of them must create trouble and vexation, and will probably evade the obligation of giving security, we must presume that it was partly with the intention of averting all this that a reward of five hundred dollars was offered. It appears to us, therefore, improper, that the plaintiff should pay the whole reward, while but a part of the contemplated advantage is obtained, and we think complete justice will be done to the appellee, if he be allowed one half of the reward offered, but we are unable to see on what ground he was charged with costs.

A part of the reward only is due to the finder of a part of certain articles, for the recovery of all of which, the reward has been offered.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed, and that the sum of two hundred and fifty dollars be paid out of the money in bank, to the appellee, Wilson, and the balance paid to the plaintiff and appellant, she paying costs in both courts.

*Canon,* for appellant.

*Preston,* for appellee.