## DRAUGHON'S PRACTICAL BUSINESS COLLEGE v. DORSETT. (No. 5275.)

(Court of Civil Appeals of Texas. San Antonio. May 6, 1914.)

1. APPEAL AND ERROR (§ 231*)—BILL OF EXCEPTIONS—EVIDENCE.

Error in admitting a letter in evidence will not be reviewed, where the bill of exceptions shows that no reason was given for objection to the introduction of the letter.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1299–1352; Dec. Dig. § 231.*]

2. CONTRACTS (§ 280*)—PERFORMANCE.

Plaintiff, who was contesting for a prize offered for the greatest amount of money paid in for scholarships in defendant's business college, was entitled to credit for certain tables which defendant accepted as part payment for a scholarship procured by plaintiff.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1249–1280; Dec. Dig. § 280.*]

3. CONTRACTS (§ 305*)—PERFORMANCE.

Where defendant, who offered a prize to the person procuring the greatest amount paid in on scholarships in its business college, did not provide in its circular offer that all of the money for the scholarship should be collected after the contest began, and accepted the money paid in by a contestant knowing that a small part of it had been collected before the contest began, defendant cannot complain, as against such contestant, that the collection was made before the contest.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1398–1400, 1463, 1464, 1467–1475; Dec. Dig. § 305.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by Dulcie Dorsett against Draughon's Practical Business College. From a judgment for plaintiff, defendant appeals. Affirmed.

L. R. Patton, of Galveston, for appellant. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellee.

FLY, C. J. Appellee sued appellant to recover the sum of $281.14, which she alleged was due her by reason of the fact that she had gained the first prize, a diamond ring of the value of $279, offered by appellant for the greatest amount of money paid in on scholarships obtained by her up to April 5, 1913, and a certain commission of $2.14. The cause was tried by a jury and resulted in a verdict for $150 in favor of appellee.

The evidence shows that appellant offered to give to any student or ex-student of its school, who obtained the most money for scholarships and books and stationery, a diamond ring; that appellee paid in the largest sum, and was entitled to a diamond ring of the value of $150, but appellant failed and refused to deliver it to her.

[1] The first assignment of error complains of the introduction in evidence of a certain letter written by appellant's manager to appellee. The bill of exception shows that no reason was given for objection to the introduction of the letter in evidence. Such a bill of exceptions will not form a basis for an assignment of error. This has been the uniform rule in Texas since Cheatham v. Riddle, 8 Tex. 162, was decided in 1852. No reference to the admission of the evidence was made in the motion for new trial.

[2] It was uncontroverted that appellee took in payment on a scholarship certain tables desired by appellant, and that appellant accepted the tables and credited them on the scholarship account of the maker of the tables. The facts show that the tables were accepted at an agreed price from appellee, and the court did not err in instructing the jury that their price should be credited as cash. Appellant got the benefit of the tables, and could not deprive appellee of a credit for them. Appellee swore that appellant agreed to accept the tables as cash, which was denied by appellant, but it accepted the tables and gave the maker of them a credit of $18 on his scholarship.

[3] There was no provision in the circular that all the money for the scholarships should have been collected after the contest began, and appellant did not so construe it, for it accepted the money knowing that a small part of it had been collected by appellee just before the contest began. It may have been unjust to other contestants, but appellant has no cause of complaint.

The complaints of the charge, in the third, fourth, and fifth assignments of error, are not meritorious and are overruled.

The sixth and seventh assignments are overruled.

The judgment is affirmed.