## A. F. HOLT v. RURAL WEEKLY COMPANY.[1]

January 6, 1928.

No. 26,417.

**Partly obsolete words having been counted in list of winner of first prize, such words should have been counted in the list of winner of second prize.**

1. Defendant instituted a contest in which it offered a first prize of $1,000 to the contestant obtaining the highest number of points. Twenty-five points were to be awarded for the largest list of words formed from the letters in a certain name. Obsolete words were not to be counted. F included partly obsolete words in his list. H appended a supplemental list of partly obsolete words to be counted if that class of words were allowable. *Held* that such words in the list of F having been counted, those in the supplemental list of H should also have been counted.

**Contest was not a statutory gift enterprise.**

2. The contest was not the sort of gift enterprise defined in G. S. 1923, § 10497, as no subscriptions to the paper were required.

**Proof of fraud unnecessary.**

3. The offer and compliance therewith created a contract, and proof of fraud was unnecessary.

**Objection waived by defendant.**

4. Objection that the words in the list of H were not numbered as required was waived.

Contracts, 13 C. J. p. 289 n. 5; p. 694 n. 20.
Lotteries, 38 C. J. p. 298 n. 25.

Action in the district court for Ramsey county to recover $1,000 as the first prize in a puzzle contest conducted by defendant. A verdict was directed for defendant, and plaintiff appealed from an order, McNally, J. denying his alternative motion for judgment or a new trial. Reversed and new trial granted.

*John H. Horeish,* for appellant.

*Briggs, Weyl & Briggs,* for respondent.

[1]Reported in 217 N. W. 345.

TAYLOR, C.

[1]   Defendant published in its paper in the latter part of 1922 what it termed a mystery puzzle and offered a first prize of $1,000 in cash to the contestant who obtained the largest number of points under and pursuant to the rules published with the puzzle. Other prizes were offered but are not involved in this controversy. The first prize was awarded and paid to L. V. France. Plaintiff asserted that he had earned and was entitled to the largest number of points and sued for the amount of the first prize. A verdict was directed for defendant. An alternative motion for judgment or a new trial was denied, and plaintiff appealed.

The total number of points was 185. Ten groups of letters were given, and each contestant who rearranged these letters so as to spell correctly the names of ten movie stars was to be allowed 100 points therefor. Each contestant was required to prove that he had shown the paper to five of his friends and was to be allowed 60 points for doing so. It is conceded that both plaintiff and France complied with these two requirements and were each awarded 160 points therefor. The controversy is in respect to the remaining 25 points. The proposition states:

"The final 25 points will be awarded by the judges of the puzzle to the person who sends in the largest correct list of words made up from the letters in the name of the great movie star, 'Mary Pickford.' * * * In making up your list of words from the name, ·'Mary Pickford,' only letters that appear in her name can be used. A letter can be used in a single word only as many times as it appears in the name of the movie star. Only words found in the main body of Webster's Dictionary can be counted. Abbreviations, proper nouns, proper adjectives, prefixes, suffixes, obsolete, archaic and foreign words cannot be counted. Words spelled alike, but with different definitions, can only be counted as one word. By just looking at the name 'Mary Pickford' you can see such words as 'for,' 'pick,' 'my,' 'or,' etc. Number each word alphabetically on your list."

France presented a list arranged alphabetically with the heading, "Above the line." This was followed by a list also arranged alphabetically with the heading, "From below the line.". The expressions "Above the line" and "Below the line" presumably referred to the divided page of Webster's dictionary. The words in these lists were numbered consecutively, beginning with the first word in the first list and ending with the last word in the second list.

Plaintiff presented a list arranged alphabetically, which was followed by three supplemental lists designated as "A", "B" and "C", each arranged alphabetically. "A" was a list of words partly obsolete and bore a notation that they were to be counted if that class of words were allowable. "B" was a list of archaic words and bore a similar notation. "C" was a list of contractions and bore a similar notation.

The reference to judges in the first sentence of the above quotation is the only reference to judges found in the proposition. Defendant appointed judges, but had its own employes check over the lists and mark the incorrect words and compute the number of correct words. It then called in the judges, who took the results as stated by defendant's employes and signed the certificate awarding the prize without making any examination themselves to determine the correctness of these results. Plaintiff's supplemental lists were rejected on the ground that he should not have left it for the judges to determine whether words of those classes were to be included, but should have determined that question himself and placed them in his main list.

We find no such requirement in defendant's proposition and nothing to bar making and presenting such lists. We are therefore of opinion and hold that if these classes of words were to be included in making the computation it was error in law to exclude these lists. In making the award above mentioned, however, all partially obsolete words were excluded, and if the award were to be made on that basis these lists were correctly rejected. But in that event the prize should have gone to plaintiff, for it is not seriously disputed that if all partially obsolete words were omitted plaintiff had a few more correct words in his main list than France had in both

his lists. Some weeks after the making of the above award, defendant concluded that under the terms of the proposition words which were only partly obsolete should have been counted, and called in the judges again and a new award was made. In making this award France was given credit for the partly obsolete words in his list, but plaintiff's list of partly obsolete words was considered as rejected and he was given no credit therefor. This gave France a clear lead. If the partly obsolete words in plaintiff's list had been counted he would have had a clear lead. If words partly obsolete were counted for one they should have been counted for the other.

[2] In addition to the other allegations in his complaint, plaintiff had alleged fraud. The court directed a verdict for defendant on two grounds—that the contest was within the inhibition of G. S. 1923, § 10497, and unlawful, and that plaintiff had failed to prove fraud.

In support of the verdict defendant contends that the contest was a gift enterprise within the meaning of G. S. 1923, § 10497, and therefore unlawful. This section reads:

"Whenever any person for the purpose of inducing the public to subscribe for or buy any newspaper, magazine or periodical, for a valuable consideration, offers and advertises to give a premium, gift or prize, or offers and advertises any contest whatever, whereby a premium, gift or prize is to be given to any person or persons procuring such sale or subscription, the person so undertaking and carrying on such scheme or contest and offering such gift, premium or prize shall be deemed to be engaged in a 'gift enterprise,' unless such premium, gift or prize is absolute and does not depend upon any chance or contingency whatever."

Defendant's proposition did not require the contestants to procure any subscriptions for the paper nor to subscribe for it themselves, but merely to show it to five of their friends. To make perfectly clear that contestants were not required to obtain subscriptions, the statement of the terms of the contest was followed by the further statement: "Remember, folks, you don't have to spend one penny of your own money to win, and you won't be asked to subscribe to

our paper. All you need to do is introduce The Rural Weekly to five of your friends." As procuring subscriptions was not a condition of the contest, and a contestant procuring them could derive no benefit therefrom, this contest is not within the class of gift enterprises defined in the above statute.

[3]   Defendant insists that the court was correct in holding that plaintiff had failed to prove the charge of fraud, but apparently recognizes that plaintiff was not required to prove fraud to establish his cause of action and makes no argument to that effect. The offer was open to everyone. If plaintiff performed all the requirements of the offer in accordance with the published terms, it created a valid and binding contract under which he became entitled to the promised reward. 23 R. C. L. 1118, 1120, §§ 7 & 9; Mooney v. Daily News Co. 116 Minn. 212, 133 N. W. 573, 37 L.R.A. (N.S.) 183 (this case was prior to the enactment of G. S. 1923, § 10497); Forsythe v. Murnane, 113 Minn. 181, 129 N. W. 134. Plaintiff's claim rested upon the contract, and he had no need to prove fraud. If the judges had determined the facts for themselves and the proposition had declared that their determination should be final and conclusive, the claim of fraud might have become important in the absence of demonstrable mistake or the application of an erroneous rule of law.

[4]   Defendant also urges here that plaintiff failed to comply with the requirements of the offer in that he failed to number the ·words which he submitted. This point seems not to have been raised at the trial nor called to the attention of the trial court. No objection was made to the list on that ground. On the contrary plaintiff's list was accepted and acted upon without raising any question concerning its form or sufficiency except in respect to the so-called supplemental lists. At the trial it was conceded that both plaintiff and France had listed 530 words which were correct and undisputed, and that each was entitled to credit for that number, and that the controversy was as to the number of words to be credited to each in addition to these undisputed words. Whether numbering the words was intended as one of the conditions with which

contestants were required to comply is somewhat doubtful; but, conceding that it was, we think defendant waived it and that the claim now made comes too late.

It appears that supplemental lists presented by other contestants were also rejected, but whether counting the allowable words in such lists would place any of the other contestants ahead of plaintiff does not appear. Consequently it is not conclusively shown that plaintiff had earned the highest number of points.

Order reversed and a new trial granted.