No. ——

First Circuit

VENTRE v. LASTRAPES, JR., CLERK AND RECORDER, ET AL.

(December 4, 1928. Opinion and Decree.)

W. A. Robertson, of Opelousas, attorney for plaintiff, appellee.

Dubuisson, Perrault and Burleigh, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. Homer Ventre, contractor for remodeling, reconstructing and re-equipping Opelousas Lodge, No. 1048, Benevolent and Protective Order of Elks, sub-let the plumbing and heating provided for in the contract to Preston Brashear under the following bid:

"Mr. Homer Ventre,
"Opelousas, La.,
"Dear Sir:
"I propose to furnish all plumbing and heating material and install same, according to plans and specifications prepared by Herman J. Duncan, Architect, on the Elks Club Building of Opelousas for the sum of $7,000.00.
"Respectfully submitted,
"Preston Brashear."

Brashear's bid was duly accepted. He furnished and satisfactorily installed all the plumbing and heating except Item 90 of the specifications, which he claims is not part of the plumbing, and therefore not part of his contract. The contractor claims that it is. The contractor called on Brashear to do the work called for by this item. Brashear refused, and the contractor then had the work done at an expense of $173.76, and when he settled with Brashear, he held back this amount. Brashear then recorded a lien against the building. The object of this suit is to cancel the lien and privilege recorded against the building on the ground that the full amount due on said account has been paid. The item in question reads:

"90, Drains. The contractor shall connect all conductors to street gutters, with cast iron boots and terra cotta pipes. All pipes being of such size that the combined area or conductors connected to pipe, shall not be greater than cross section area or terra cotta pipe."

The evidence shows that item 90 has reference to the outside drainage of the roof. The "cast iron boots" provided for, join and unite the pipes which conduct the water from the roof to the terra cotta pipes which conduct the water under the pavement into the street gutter at the curb. Regarded technically, it may not ·be plumbing, but work of the kind is often done by plumbers. Defendant Brashear cites Civil Code, Article 1947, and contends for a technical construction and application of the language used. Art. 15 on the subject of laws, is of import similar to the Article cited, which has reference to contracts.

The plaintiff citing Articles 1957 and 1958, contends for an interpretation and application of the provision made in item 90, congruous to the matter of the contract on the subject of plumbing and heating. The Articles 1946 and 1952 have application when that is done.

Defendant's pollicitation: "according to plans and specifications prepared by Herman J. Duncan, Architect," became by plaintiff's acceptance, the contract between them. Defendant's promise commences with and includes all items of work, furnishing and installation to, and including item 105. Item 90 is included under the specifications on the subject of plumbing and is part of the contract between Ventre and Brashear on that subject. This item in question should therefore have been furnished and installed by Brashear. The action of Ventre in the matter was correct. The District Judge so held and we have come to the same conclusion.

Judgment affirmed, defendant Brashear to pay the costs in both courts.