# A. F. HOLT v. RURAL WEEKLY COMPANY.[1]

November 22, 1929.

No. 27,467.

[1]Reported in 227 N. W. 491.

472

*Briggs, Weyl & Briggs,* for appellant.
*John H. Horeish,* for respondent.

HOLT, J.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

For a sufficient statement of the case reference is made to the opinion in the former appeal, Holt v. Rural Weekly Co. 173 Minn. 337, 217 N. W. 345. The main contention now is that plaintiff failed to prove a cause of action, and hence defendant should have judgment. The record discloses that at the start of the present trial appellant's counsel stated:

"In the original ruling the judges awarded first prize to L. V. France, but since the case has gone to the supreme court and the supreme court has made its decision, we revised our ruling with reference to the supplemental list. We will now admit that the Holt list contains more words than the L. V. France list."

He also admitted that the Holt list was "superior to all except the list of Groves." The record also discloses that by the award of the judges of the contest, made previous to the decision on the former appeal, Holt was given third prize and Groves fourth. In the present trial defendant maintained that Groves was rightfully entitled to the first prize, having sent in a larger number of words than Holt derived from a combination of the letters found in the name of "Mary Pickford." On the former appeal the action of the judges of the contest in rejecting words found in the supplemental lists of Holt, because he himself had not determined that they were words to be counted, but left that to the judgment of the judges, was held wrong, since the rules or terms of the contest did not exclude from consideration and count words tentatively submitted in supplemental lists. Under the method adopted by the contest judges, words in the France list were counted for him, and the identical words in the Holt supplemental list were excluded.

The real nub of this appeal depends upon the meaning of this language in defendant's proposal or terms of the contest:

"Only words found in the main body of Webster's Dictionary can be counted."

Does that refer to the last published current dictionary of Webster, or does it as well refer to the one published in 1917 under the name of Webster's Revised Unabridged Dictionary, as appellant contends? The trial court ruled, and so instructed the jury, that the dictionary referred to in the proposal was Webster's New International Dictionary published in 1921, that is, the latest published dictionary bearing Webster's name current at the time the contest was proposed. Defendant contends that its exhibit 1, offered in evidence, published and bearing the title as above given, should with more propriety be considered as the one intended by the quoted sentence; since the proposed contest was staged in 1922 it could not well be understood that a work published as lately as the year previous should be the standard for the contest. While there is force in the argument we do not deem it persuasive under the situation disclosed. Following the sentence above quoted from the proposal is this:

"Abbreviations, proper nouns, proper adjectives, prefixes, suffixes, obsolete, archaic and foreign words cannot be counted."

It is reasonable to suppose that defendant intended by the first sentence quoted to designate but one standard or authority by which to test words to be counted and words to be excluded by the last sentence quoted. The passing of time makes words obsolete or archaic, and it stands to reason that the most proper standard whereby to determine whether a word is obsolete or archaic is the latest most comprehensive dictionary published of the sort named. It also appears that Webster's New International Dictionary, published 1921, plaintiff's exhibit Q, and not Webster's Revised Unabridged Dictionary, published 1917, defendant's exhibit 1, is identified by the phrase "words found in the main body" in the sentence above quoted from the proposal; for one of the featured arrange-

ments of Webster's New International Dictionary is that the pages thereof are divided by a horizontal line, the main body of words being above the line, and below the line are words in smaller type of a character corresponding in many respects to those "not to be counted" under the proposal. The record is clear that during the whole contest, including the part defendant took in advising the judges of the contest, and during the entire litigation prior to the filing of the opinion in the former appeal, Webster's New International Dictionary published in 1921 was accepted and considered by defendant as the one referred to in the proposal. We consider the ruling and charge of the court below right upon this phase of the case. From this it follows that there was no error in refusing to receive in evidence exhibit 1 offered by defendant. We may call attention to the fact that appellant did not offer in evidence Webster's New International Dictionary published in 1917.

We are also of opinion that the court correctly charged, as follows:

"It already appears that cd, py, kr, cy are symbols, and the court rules that in so far as they are symbols that they cannot be counted and are not to be allowed at this time."

Mr. Knopp, who acted for defendant in all matters relating to the contest and in instructing the judges thereof, on cross-examination, when requested to read certain definitions and explanations from the dictionary used in making the award, by such reading refuted the opinion he had testified to that symbols were to be counted as words. The text read from indicated that letters standing as symbols are abbreviations, hence not words to be counted in the contest.

The court instructed the jury more than once that the burden was upon plaintiff to prove that his lists contained the greater number of countable words. But when the evidence and admissions of defendant disclosed that plaintiff had more countable words than France, to whom the judges selected by appellant had awarded the first prize, and that they had awarded the third prize to plaintiff and the fourth to Groves, all under defendant's direction and ap-

proval, it cannot be held error or giving contradictory instructions, when at this trial defendant comes with a new defense that Groves had the most words, to charge that as to five certain words now for the first time urged as countable on Groves' list, but not found on plaintiff's, defendant had the burden of proving that these words were words proper to be counted for Groves and "found in the main body" of the Webster's Dictionary referred to in the proposal. The award of the contest judges was prima facie evidence that plaintiff had more countable words than Groves. But at any rate, when the defense singled out the five words in Groves' list which it claimed should be counted for him, the burden was upon it to show that within the terms of the proposal they were countable words. In the manner in which these five words were singled out and relied on by defendant as proper to be credited to Groves, we do not regard the instructions misleading and contradictory, but helpful and proper. It is to be remembered that this trial is not between plaintiff and Groves. By the admission at the beginning of the trial defendant admitted Holt to have had more countable words than the one defendant's judges, acting under its instructions, had determined the winner of the contest.

Error is assigned upon the reception in evidence of an extract from the brief of defendant's counsel in the former appeal (exhibit S) wherein was a statement indicating that the dictionary referred to in the proposal for the contest was Webster's New International Dictionary. Since, as above pointed out, the court rightly instructed the jury that that dictionary was the one designated by defendant, the error, if any, in the reception of the statement was harmless.

In the reply brief appellant intimates that the jury did not follow an instruction given at its request that certain words in four columns on the first page of plaintiff's list (exhibit B) marked "merely listed for information" should not be counted. We cannot, and appellant does not, demonstrate that the jury did not heed the instruction. Furthermore, under our former decision, which is the law of the case as to what lists and words presented by plaintiff are to be considered, it may be doubted whether appellant should

have had the instruction given, and a reversal should not result even if it could be demonstrated that the jury did not follow an erroneous instruction which appellant induced the court to give.

We do not propose to discuss the words upon which the dispute at the trial centered. Whether these should be counted for either plaintiff or Groves was carefully submitted to the jury in a charge not criticized except in the particulars already noted and held without merit. We think there is sufficient basis for the verdict in the evidence.

The order is affirmed.

