No. 3335

Second Circuit

MEYER v. SOUTHWESTERN GAS & ELECTRIC CO.

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

Dimick & Hamilton, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Defendant, Southwestern Gas & Electric Company, a public service corporation, doing business in Caddo parish, La., and plaintiff, Lionel L. Meyer, entered into a contract on July 17, 1924, which contract reads as follows:

"Parish of Caddo, State of Louisiana.

"This contract and agreement made and entered into by and between the Southwestern Gas & Electric Company, and Lionel L. Meyer, a resident of said Parish and State (hereinafter called the 'Consumer'), witnesseth:

"That whereas the Consumer is desirous of securing an extension of the electrical line of the Company to his residence on Cross Lake, Caddo Parish, Louisiana, a distance of approximately one and one-half (1½) miles, and whereas the Company is willing to make such extension;

"Now, therefore, in consideration of the mutual covenants and agreements hereinafter set forth, the parties hereto agree with each other as follows:

"Extension and Payment

"Article 1. The Company will extend its electrical line approximately one hundred twenty-five (125) feet, known or designated as one pole, from the terminal of its present line, free of charge to the Consumer. The Consumer agrees at the time of the acceptance of this agreement to pay to the Company the sum of Seven Hundred Fifty-six & 40/100 ($756.40) Dollars on account of the cost of constructing said electrical line, in excess of said free extension of one pole. Said line to be single phase, 2200 volt.

"Refund

"Article 2. The Company agrees to refund to the Consumer the sum of Twenty-five & no/100 ($25.00) Dollars for each new consumer connected on the excess part of the line which has been paid for by the undersigned consumer, such refund

to be made on the fifteenth day of the month following that in which the new consumer is connected, provided, however:

"First. The total refund to the consumer shall not exceed the amount paid by the consumer as stated above;

"Second. At the expiration of three years from the date hereof all right of the consumer to a refund as above shall cease, even though the entire sum paid by the consumer has not been refunded.

"Title and Ownership

"Article 3. The Company shall at all times have title to and complete ownership and control over said extension and shall have the right to use the same for the purpose of serving other customers.

"In witness whereof the parties hereto have set their respective hands to this agreement, in duplicate, at Shreveport, Louisiana, on the 17th day of July, 1924.

"[Signed]

"Lionel L. Meyer, Consumer.

"Southwestern Gas & Electric Co.,

"By L. L. Westcoat, Vice-President."

The present suit arises out of a difference of opinion relative to the construction of article 2 of the contract, as quoted above. Plaintiff contends that under the stipulation that defendant would refund to him $25 for each new consumer connected on the excess part of the line, he was entitled to a refund for each new consumer where the power or electricity supplied was transmitted to the premises of the consumer through any part of the extension line which was paid for by him; while defendant contends that plaintiff was entitled to a refund only for each new consumer where the power supplied was transmitted directly to the premises of the consumer from that part of the extension line paid for by plaintiff, or that plaintiff was not entitled to a refund where the new consumer was supplied with power from a lateral line connected with the extension line, or rather such part of that line which was paid for by plaintiff, which is hereinafter referred to as the "extension line."

On trial plaintiff's construction of the contract was adopted by the court and judgment rendered accordingly, from which judgment defendant appeals, urging that articles 2 and 3 of the contract should be read together and that so read, the contract shows that the parties understood and agreed that defendant was not to make any refund to plaintiff for new consumers who were directly supplied with power from any lateral line connected with the extension line.

While the contract must be read as a whole, it is clear that, considering the cost of constructing the extension line was paid for by plaintiff, article 3 of the contract, under the heading of "Title and Ownership," was written for the purpose of clearly expressing the intention of the parties as to the ownership of the extension line and not to explain article 2 of the contract. But aside from that, we do not think that the provisions of article 3 furnish any aid in construing article 2 of the contract.

Considering the contract as a whole, we are of the opinion that the agreement of defendant to make a refund to plaintiff for each new consumer connected on the extension line, would include new consumers who were supplied with power transmitted through the extension line, which would include new consumers when the power was transmitted to their premises, either directly from the extension line or a lateral line connected with the extension line; and this construction finds some sup-

474

port in the admission by defendant that plaintiff was entitled to a refund for each connection made with the extension line by lateral lines constructed by defendant.

The contract was drawn by defendant, obligor, and if there is anything ambiguous or obscure in the obligation of defendant to make refunds to plaintiff for each consumer connected on the extension line, which is apparently conceded; the ambiguity arose from the failure of defendant to explain the extent of its obligations, and any doubt relative to the construction of the contract must be construed favorably to plaintiff (articles 1957, 1958, Civ. Code).

We are of the opinion, therefore, that the stipulation relative to the refund to be made by defendant for new consumers connected on the extension line, included new consumers where the power supplied was transmitted to their premises through the extension line, but if it may be said that, the stipulation does not clearly express the intention of the parties, or that the obligation of defendant was to refund for all new consumers where the power was transmitted to their premises through the extension line; yet considering the contract as a whole, there is at least a doubt relative to whether or not the stipulation included all new consumers where the power supplied was transmitted over the extension line, or only such new consumers where the power supplied was directly transmitted to their premises from the extension line, and that the doubt must be construed against defendant.

The judgment appealed from is therefore affirmed.