68 So.2d 149 (1953)
SCHREINER
v.
WEIL FURNITURE CO., Inc.
No. 20134.
Court of Appeal of Louisiana, Orleans.
November 16, 1953.
Frederick P. Heisler and Herbert Beal, New Orleans, for plaintiff and appellee.
Lemle & Kelleher, H. Martin Hunley, Jr., New Orleans, for defendant and appellant.
McBRIDE, Judge.
On September 19, 1951, Weil Furniture Company, Inc., inserted a full-page announcement in one of the daily newspapers published in New Orleans, which partially reads as follows:
*150
 More than
"Free! $50,000.00 Worth of Prizes to be
 given by Weil's in this sensational
 Stromberg-Carlson Television
 Contest
 `Count-The-Dots' and win one of
 these valuable prizes
 First Prize
 $395.00
 Stromberg-Carlson Imperial 17
 CM2
 Plus
 500 Credit Certificates Worth $200.00
 500 Credit Certificates Worth $150.00
 500 Credit Certificates Worth $100.00
 Only one certificate to apply on
 purchase of each Stromberg-Carlson
 Television Receiver.
 Hurry! Mail Entry Blank Quickly!
 Time Counts!"
Then appears the "handy" entry blank on which the entrant is to insert his name, address and his "count" of the dots. There also appears a sketch of a "17 inch" television receiver and another large sketch of a television receiver upon which appear a multitude of dots of various shapes and sizes, which the contestants are to count in the contest. From the record it appears that the correct number of dots is 1392.
Mrs. Elora Schreiner, wife of Clarence J. Butscher, entered the contest by submitting to the sponsor thereof her estimate of the number of dots. She was one of the prize winners, and in due course received by mail from Weil Furniture Company, Inc., three credit certificates substantially reading as follows:
"Credit to the Order of Mrs. Clarence J. Butscher Two hundred and no/100 Dollars on purchase of Stromberg-Carlson television, Models No. 119CDM-Georgian, 119RPM-18th Century, 119M5M-Classic, or 119M5DDecorated Classic.
"Credit to the Order of Mrs. Clarence J. Butscher One hundred-fifty and no/100 Dollars on purchase of Stromberg-Carlson Television, Model No. 119CM-Empire, or 24RPM-Stancliffe.
"Credit to the Order of Mrs. Clarence J. Butscher One hundred and no/100 Dollars on purchase of Stromberg-Carlson Television, Model No. 17CM2-Imperial, or 24CM-Radcliffe."
The certificates were accompanied by a letter written by Weil Furniture Company, Inc., addressed to Mrs. Butscher, partly reading thus:
"Congratulations!
"The judges have found you to be one of the winners in the Stromberg-Carlson `Count-the-Dots' contest. * * * Your count was very nearly correct and we are happy to inform you that you are the winner of prize merchandise certificates worth $200.00, $150.00, and $100.00.
"Each of the enclosed certificates may be used toward the purchase of one Stromberg-Carlson television set as explained on the certificates themselves.
"Come in at once and select the Stromberg-Carlson television set of your choice. You will receive credit for the amount of the appropriate certificate.
"Since you did so well in our contest, we hope you can use this certificate before it expires thirty days from now. It is not transferable unless properly endorsed.
"Thank you for your participation."
We are told that Mrs. Butscher submitted but one answer in the contest, and we cannot comprehend why the defendant sent to her three of the credit certificates of the varying amounts.
Mrs. Butscher took the certificates to the establishment of Weil Furniture Company, Inc., and attempted to purchase a Stromberg-Carlson television receiver which it had in stock listed to sell at $295, and tendered the $200 certificate as part of the purchase price. The agents of the Weil Furniture Company, Inc., declined to apply the certificate on the television receiver *151 which Mrs. Butscher desired, but offered to give her credit on the particular television receivers listed in any of her three certificates in accordance with the restrictive terms contained therein. Mrs. Butscher refused the offer, and then brought this suit against Weil Furniture Company, Inc., for a "judgment declaratory of the rights and obligations of all parties." She contends that she has the legal right to apply the merchandise credit certificates indiscriminately on her purchase of any Stromberg-Carlson television receiver sold by defendant which she chooses to buy.
It is not disputed that the credit certificate of $100 by its terms could be used only in connection with the purchase of television receivers selling at $395 and $685. The $150 certificate is restricted to the purchase of television receivers selling at $495.95 and $985. The third certificate for $200 can only be applied on television receivers selling at $599.95, $760, $860 and $985.
The defendant's position is that plaintiff's rights are to be governed strictly by the terms of the certificates, and that in issuing the certificates as printed, defendant has fully complied with its offer made in the newspaper announcement; that the certificates issued are verily worth their face values and constitute genuine and bona fide credits on the retail selling prices of the television receivers described in the certificates.
After the hearing in the lower court at which all of the facts in the case were stipulated by counsel, there was judgment rendered in favor of plaintiff and against the defendant declaring that Mrs. Butscher is entitled to receive from the defendant the three credits, one for $100, one for $150, and one for $200, each credit to be applied against the purchase price of one Stromberg-Carlson television receiver listed on Exhibit Weil No. 1, which sets forth the various types of that make of television receiver handled by defendant, and contains the retail sale price of each type and model.
The plaintiff has filed an answer to the appeal, the prayer of which will be hereinafter discussed.
It is possible to make offers to anyone, or to everyone, who may perform a specified act or make a specified promise. The commonest illustration of such offers is furnished by offers of reward for the apprehension or conviction of criminals, or for the return of lost or stolen property.
There is no doubt that as a result of Mrs. Butscher's success in the contest the defendant must be held bound to his obligation. When plaintiff performed all of the requirements of the offer in accordance with the published terms, it created a valid and binding contract, under which she became entitled to the promised rewards. That there was a serious and mutual consideration is obvious.
Article 1803, LSA-C.C., reads in part thus:
"But when one party proposes, and the other assents, then the obligation is complete, * * *."
This court in Wallace v. Irwin, No. 8104 of our docket (opinion unreported [See Louisiana Digest]) said:
"It is the law of this state that the public offer of a reward for the recovery of lost or stolen property creates an obligation which may be enforced by the person through whom the property was restored. Deslondes v. Wilson, 5 La. 397. * * *"
In the case of Youngblood v. Daily and Weekly Signal Tribune, 15 La.App. 379, 131 So. 604, our brothers of the Second Circuit treated as a contract the offer of a newspaper in a subscription campaign in which awards were to be made to the successful contestants, in which contest plaintiff entered and participated. When the offerer defaulted in the delivery of the prize which plaintiff was entitled to receive, the court held that it was liable in damages for breach of its obligation.
*152 Williston on Contracts, Vol. 1, Rev.Ed., page 79, contains the following language:
"Sometimes newspapers offer a prize to one who shall receive the most votes written on coupons cut from copies of the newspaper. When the votes have been cast a contract is formed with those who cast votes for the winning candidate for the benefit of that candidate. A similar principle has been applied to entries in races or other competitions."
In a footnote "Other applications of this principle" are found in these decisions of other jurisdictions, viz.: Scott v. People's Monthly Co., 209 Iowa 503, 228 N.W. 263, 67 A.L.R. 413 (word-building contest, first failing to qualify, went to second contestant); Holt v. Rural Weekly Co., 173 Minn. 337, 217 N.W. 345 (word-building contest); Brown v. Morrisey, 106 N.J.L. 307, 150 A. 330 (inter-employee sales contest); Draughon's Practical Business College v. Dorsett, Tex.Civ.App., 166 S.W. 495 (scholarship fund solicitations); Palmer v. Central Board of Education, 220 Pa. 568, 70 A. 433 (architectural designs for school); Peters v. Agricultural Soc., 3 N. Brunswick Eq. 127; Groves v. Carolene Products Co., 324 Ill.App. 102, 57 N.E.2d 507 (word-building contest).
The question presented by this case is whether the defendant was within its rights in limiting the applicability of the certificates to certain television receivers.
As we have already seen a binding and valid contract existed between the parties, and in determining the dispute resort must be made to the laws of this state on the subject of interpretation of contracts in general. LSA-C.C. art. 1957, which is found under the heading "Of the Interpretation of Agreements", provides as follows:
"In a doubtful case the agreement is interpreted against him who has contracted the obligation."
LSA-C.C. art. 1958 reads in part:
"But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, * * *."
It is a well-settled proposition of law that where there is a dispute over what are the provisions of a contract or what the stipulations mean, a document must be interpreted against the one who has prepared it. 6 R.C.L. 854, par. 242; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Meyer v. Southwestern Gas & Electric Co., 16 La.App. 472, 133 So. 504; Godchaux v. Iberia-Vermilion R. Co., 132 La. 77, 60 So. 1027, 1028; Jurgens v. Warmoth, 160 La. 475, 107 So. 311; Bernier v. Pacific Mut. Life Ins. Co., 173 La. 1078, 139 So. 629, 88 A.L.R. 765; Ventre v. Lastrapes, Clerk, 9 La.App. 239, 119 So. 272; Carrere's Sons v. Rumore, La. App., 52 So.2d 57.
Bearing in mind the above-mentioned doctrine, and considering it in conjunction with the provisions of LSA-C.C. art. 1958, we think it was the duty of the defendant, if it intended that the credit awards were to be made applicable only on the purchase of certain designated television receiving sets, to have stated that fact in the newspaper announcement of the contest so that the general public would not be misled in the matter of the rewards the successful contestants were to receive. Therefore, our opinion is the defendant did not have the right to restrict the applicability of the credit certificates in the manner in which it attempted to do.
Nor do we believe that the plaintiff is entitled to the unrestricted credit to which she claims to be entitled. We have carefully read and reread the newspaper announcement which defendant caused to be published, and our first impression was, and our lasting impression is, that the announcement could only convey to the minds of the public that the credit certificates were to be applicable to the Stromberg-Carlson Imperial 17 CM2, 17-inch tube, 158 square inches, a cut or sketch of which appears in the announcement, and which type *153 of receiver constituted the first prize in the contest. We can place no other interpretation on the contract.
Plaintiff was also dissatisfied with the judgment as appears from her answer to the appeal, in which it is prayed that the judgment be amended so as to grant to plaintiff-appellee the option of either requiring specific performance or receiving moneyed damages from the defendant in such amount as may be fixed by us. We do not feel that plaintiff's suit calls upon us to pass upon plaintiff's right to the additional relief prayed for in the answer to the appeal. The only dispute existing between the parties is whether the restrictive clauses shown on the credit certificates are valid. It is true that LSA-R.S. 13:4232 provides that any person interested under a contract may have determined any question of construction or validity arising under the instrument and obtain a declaration of rights, status, or other legal relations thereunder. But LSA-R.S. 13:4245 provides that the declaratory judgment statutes shall be interpreted and construed so as to effectuate its general purpose to make uniform the laws of those states which enact it.
An action for a declaratory judgment generally cannot be maintained unless involving some specific adversary question or contention based on existing state of facts. State ex rel. Miller v. State Board of Education, 1935, 56 Idaho 210, 52 P.2d 141.
Courts ordinarily will not decide as to future or contingent rights, but will wait until rights have become fixed under the existing state of facts. State ex rel. La Follette v. Dammann, 1936, 220 Wis. 17, 264 N.W. 627, 103 A.L.R. 1089.
A declaratory decree cannot be made as to questions which are remote, incidental and determinative of no controversy between the parties litigant. Family Loan Co. of Nashville v. Hickerson, 1934, 168 Tenn. 36, 73 S.W.2d 694, 94 A.L.R. 664.
So far as we know, no dispute has ever existed between Mrs. Butscher and the Weil Furniture Company, Inc., as to her right to a specific performance, or to have damages from the defendant in an amount which we are asked to determine. Before the plaintiff may be entitled to a specific performance, she must conform to certain sacramental requirements stipulated for by law, and as far as damages are concerned, the plaintiff has never properly placed the defendant in default; nor does the record show the quantum of damages which the plaintiff might have sustained, if any.
We say that there has been no proper placing in default on the part of plaintiff, because she only insisted when she called at defendant's establishment that she be permitted to apply one of the credit certificates to a certain model television set listed at a selling price of $295. Our opinion is, as stated above, that the only receiver to which the credit certificates are applicable is one of that model and type which was to be awarded by the defendant to the winner of the first prize. She has never offered to buy, nor did she ever attempt to tender one of the certificates on one of the television receivers to which we have held the certificates to be applicable.
Under the discretion vested in us by law we believe that the costs of both courts should be assessed against defendant.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended so as to provide that the plaintiff have judgment against the defendant declaring and decreeing that the three credit certificates which she received from defendant be applicable against the purchase price of Stromberg-Carlson Imperial 17 CM2, 17inch tube, 158 square inches, television receivers, not more than one certificate to be used as credit in the purchase of any one receiving set, and as thus amended, and in all other respects the judgment is affirmed.
The defendant is to bear the costs of this appeal.
Amended and affirmed.