71 So.2d 245 (1954)
BRUNO
v.
McCABE.
No. 20207.
Court of Appeal of Louisiana, Orleans.
March 8, 1954.
Rehearing Denied April 12, 1954.
*246 John J. Conners, New Orleans, for plaintiff and appellant.
Jacob J. Amato and J. Henry Sciambra, New Orleans, for defendant and appellee.
McBRIDE, Judge.
Under a written lease plaintiff is the lessor and defendant is the lessee of the premises 5507 New Chef Menteur Highway. The lease term is for a period of sixty months commencing on the first day of September 1948 and ending on the thirty-first day of August 1953, "with the privilege of the five year renewal." The consideration is $175 per month payable in advance.
In this suit the lessor, Bruno, assails the efficacy of the renewal clause and seeks a judicial decree declaring that the clause is not binding on him. From an adverse judgment he has appealed.
Plaintiff's complaint is that the renewal clause does not state on what terms and conditions the lease can be renewed, and, therefore, is too vague and indefinite to be enforced by defendant.
The contention is without merit. The clause as written means and can only mean one thing, and that is that it was the intention of the contracting parties that at the end of the original term the defendant would have the right to renew the lease, if he so desired, for an additional period of five years upon the same terms and conditions.
A contract should not be interpreted as to defeat the main purpose indicated by its provisions nor to impute to the parties the use of language without meaning or effect. Lower Terrebonne Refining & Mfg. Co. v. Barrow, 126 La. 263, 52 So. 487.
The lease was prepared by the attorney for plaintiff, and under a cardinal rule of construction of contracts, where there is a dispute over what are the provisions or what the stipulations mean, a document must be interpreted against the one who had prepared it. 6 R.C.L. 854, par. 242; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Meyer v. Southwestern Gas & Electric Co., 16 La.App. 472, 133 So. 504; Godchaux v. Iberia-Vermilion R. Co., 132 La. 77, 60 So. 1027, 1028; Jurgens v. Warmoth, 160 La. 475, 107 So. 311; Bernier v. Pacific Mut. Life Ins. Co., 173 La. 1078, 139 So. 629, 88 A.L.R. 765; Ventre v. Lastrapes, 9 La. App. 239, 119 So. 272; Carrere's Sons v. Rumore, La.App., 52 So.2d 57.
The judgment appealed from is affirmed.
Affirmed.