REGAN,'Judge.
The plaintiff, Arthur J. Turner, employed as a “member of a pile driver crew”, instituted this suit against the defendant, W. Horace Williams Company, Inc., his employer, endeavoring to recovef workmen’s compensation in the sum of-$30 per week for a period of four hundred weeks, subject to a credit for compensation previously paid, medical expenses not exceeding $1,000, attorney’s fees and penalties. Plaintiff asserts that he is totally and permanently disabled as a result of injuries incurred by him on December 11th, 1950, when he was hit in the course of the swing of a crane loaded with a wooden mat, knocking him to the ground and, as the ultimate result of this accident, he is afflicted with a post traumatic neurosis.
Defendant answered admitting the occurrence of the accident, but denied that the plaintiff was permanently and totally disabled for the reason that he had recovered completely from the accident as of August 27th, 1951, and, therefore, compensation payments were discontinued at that time.
From a judgment in favor of the defendant dismissing plaintiff’s suit,.he has prosecuted this appeal.
The record' reveals that after plaintiff ■was injured on December 11th, 1950, in the manner related' hereinabove, he was removed from the situs of the accident to the Charity Hospital and subsequently transferred to Hotel Dieu, where he remained for six days and was treated by Dr. S. Geismaty his employer’s compensation physician. He returned to his home and this physician attended him until'August 27th, 1951, when payments were discontinued on the assumption that he had no further ■compensable disability. ’
■ Counsel for the plaintiff has conceded both in brief and in oral argument before this court that organically plaintiff had an uneventful recovery from, the physical injuries which he sustained on December 11th, 1950, but that he has incurred as the ultimate result thereof a post traumatic neurosis which has totally and permanently .disabled him from resuming his former employment. In support of this contention, counsel relies upon the rationale expressed in Lala v. American Sugar Refining Co., La.App.1949, 38 So.2d 415 (1949) and Ladner v. Higgins, Inc., La.App.1954, *163 71 So.2d 242. In the Lala case we said [38 So.2d 421]:
“There is • no doubt in our minds that - nervousness, neurosis, or emotional disturbances, superinduced by injuries ■ suffered by a workman, can be just'as devastating to the'ability to return to work as are physical or anatomical injuries, and are equally as compensable under the statute.”
In the Ladner case we expressed the opinion [71 So.2d 245]:
“After a-comprehensive analysis of all of the facts, including' the tésti-mony of plaintiff, his prior good record, and the nature of the' injuries incurred by'him, we believe that he has sustained the burden' of proof and has established with that certainty, which the law requires, his claim of total and permanent disability. We are fully cognizant of the caution which we must exercise in' a case of this nature, in view of the nebulous characteristics of a neurosis, however, if plaintiff’s condition should improve in the future, the defendants may avail themselves of the provisions of the workmen’s compensation 'law, which affords them the right to reopen the case after the lapse of six months. * * * ”
We are of the opinion that the only question which the pleadings and the record of this case pose for our consideration is one of fact and that is whether the plaintiff incurred a post traumatic neurosis in consequence .of the accident which occurred during the course of his employment by W. Horace Williams .Company, Inc., on December, 11th, 1950, and which militates against the resumption of his former occupation?
Respective trial counsel, in their effort to sustain their client’s position, each produced medical experts in the field of psychiatry.
The two experts produced on behalf of plaintiff were Drs. H. T. Posey and Conrad Wall, who were of the opinion that as a result of the accident plaintiff .incurred a post traumatic neurosis which has totally and, permanently disabled 'him from resuming his former employment.
In addition thereto the plaintiff produced the lay testimony' of his wife and three persons with whom he had worked. They testified that after the accident plaintiff was. a “differ'ent person.” .In other words, as we interpret their testimony, they expressed the opinion that the .plaintiff manifested a personality .change.
Defendant offered the expert testimony of Dr. John W. Bick, Jr., who asserted that “a neurosis is a * * * unconscious -attempt to show a conflict by the development of symptoms without any organic basis” and he was of the opinion that the plaintiff. was not suffering from a clinical neurosis or post traumatic neurosis when he saw him in 1953, which would prevent plaintiff from resuming his former occupation.’
Defendant, in order to lend additional substance to its opposition, aiso offered in evidence the lay testimony of Robert Johnson, a fellow employee, S. J. Whitty, a pile driving contractor, Miss Estelle McMahon, Miss Sophie Tutwiler, J..E. Alford, Jr. and W. M. Garrison, employees of defendant’s compensation insurance carrier.
Johnson related that he worked with the plaintiff before and after the accident and that-, in his- opinion, “he was a little more nervous and he favored his leg a little”, but that he never failed “to do any of the duties he had done prior to that time.”
Whitty testified that he had employed plaintiff prior to his accident as a “pile driving foreman” and that since the accident he had observed him working on various jobs in the capacity of “pile driving foreman” and that he was not aware of any disability now possessed by the plaintiff.
Miss McMahon, as an employee of the compensation insurer, asserted that each week when she handed plaintiff his compensation check she would ask him if he had resumed employment and each time he responded in the negative.
*164 Garrison asserted that even after the insurance company discovered that plaintiff was employed he refused to give him any information as to where he was working and, if so, the nature thereof.
Miss Tutwiler stated that when plaintiff refused to admit he. was employed, her company exerted the efforts of its employees in addressing inquiries to innumerable contractors until it finally obtained the information relating to plaintiff’s employment, which obviously had been concealed.
Alford stated that he decided to discontinue the payment of compensation to the plaintiff predicated both upon the fact that he was gainfully employed and on medical advice reflecting that he possessed no further disability.
The context of the record reveals that for some years prior to the accident plaintiff had been engaged in the pile driving business. He had been employed variously as a' foreman", crewman and, sometimes, even as a superintendent. He concedes that he was a foreman at least one-half of the time and the evidence reflects that for several years preceding the accident, he was nearly always employed as a foreman. It will be recalled that when plaintiff was injured he was employed as a “member of a pile driver crew.” Less than two months -after the accident he was employed as a foreman and also as. a. superintendent. These jobs were secured on. the open market from persons other than the defendant and, in all except one instance, the employment sought the services of the plaintiff, apparently because of the excellent qualifications which he manifested in his work.
The record further discloses" that the plaintiff fully discharged the obligations imposed upon him as a foreman and a superintendent. He worked consistently and at a higher wage rate after the accident than before. At the time of the trial he had been working approximately three years steadily and satisfactorily in work of the character he performed prior to December 11th, 1950, the date of the accident, and of the kind to which he is fitted both by training and experience. The foregoing factual revelation should, of "itself, be sufficient to defeat recovery, however, plaintiff’s claim for compensation is predicated on the hypothesis that he is more. apprehensive today than he was before the accident or, in the final analysis, on the existence of an anxiety neurosis which, we believe, the expert testimony, to some extent, substantiates. In our opinion, it likewise reveals that plaintiff has always possessed an apprehensive attitude towards life and its vicissitudes, and this characteristic has been congenitally as much a part of his personality as the color of his eyes, therefore, it did not arise from the accident. We have permitted recovery of compensation to traumatic neurotics only when the neurosis resulting from the accident has produced a disability which rendered the employee incapable of resuming his former .employment — compensation was then awarded for the consequential disability, but not for the existence of a neurosis per se. Lala v. American Sugar Refining Co., Inc., and Ladner v. Higgins, Inc., supra, t In both the Lala and the Ladner cases, when the plaintiff attempted the resumption of .his former employment he sincerely manifested one form or another of hysteria or such a spontaneous overflow of powerful emotions which emphatically evidenced his disability. There is not a scintilla of evidence, adduced on behalf of plaintiff, which reflected the sincere existence of uncontrollable emotions in relation to the resumption of his former employment. In fact, his present employment possesses the identical physical,, emotional and "psychic environmental characteristics which existed in his former employment, and which he now insists" he has become allergic to.
After a comprehensive analysis of all' of the inter-related facts, the expert and lay opinions, particularly the testimony of the plaintiff and. the nature of the injuries, incurred by him, we do not believe that he has sustained the burden of proof nor has he established with that certainty which the law requires, "his "claim of total and permanent disability predicated on a traumatic neurosis.
*165 The trial court was obviously of the opinion that the plaintiff did not incur, as an ultimate result of the accident, a post traumatic neurosis which totally and permanently disabled him and, in our opinion, the record reflects an abundance of evidence in support of its conclusion.
For the reasons assigned the judgment appealed from is afSrmed.
Affirmed.