Wallace *v.* Goodlet.

WALLACE *v.* GOODLET.

(*Jackson.*     December 31, 1894.)

1. USURY.   *Vitiates deed of trust, when.*

A deed of trust is void for usury, which provides for payment of interest upon the loan therein secured at a rate exceeding six per cent., by this clause, to wit: "The interest on the above loan of $2,200 is $13.50 per month, to be paid at the end of each and every month."

2. SEPARATE ESTATE.   *Parol evidence inadmissible to charge, when.*

Where a married woman's note does not, upon its face, bind her separate estate, parol evidence is not admissible in a suit to *collect*, not to *correct* it, to show that, contemporaneously with its execution, she agreed that it should be a charge upon her separate estate.

Cases cited: Jordan *v.* Keeble, 85 Tenn., 412; Ragsdale *v.* Gossett, 2 Lea, 730.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. D. BEARD, Ch.

GANTT & PATTERSON and TURLEY & WRIGHT for Wallace.

WM. M. RANDOLPH & SONS for Goodlet.

McALISTER, J.  The original bill in this cause claimed that, by virtue of a certain deed from W. P. Wallace, trustee, to complainant, Mary A.

Wallace, the latter became owner in fee of certain real estate, and was entitled to possession, and that defendants were illegally withholding the same from her. The bill prayed in the alternative that a decree be given against the defendants for the recovery of the said property; and, if not entitled to this relief, then that plaintiff may have a decree for the sale of said property, so as to pay off complainant's debt.

The facts necessary to be noticed are that, on May 26, 1890, the defendants, M. E. and H. E. Goodlet, executed a trust-deed on lots 108 and 110, Market Street, in the city of Memphis, to Wm. Wallace, trustee, for the purpose of securing the note of M. E. and H. E. Goodlet for the sum of $2,200, due May 1, 1891. Among other things, the deed of trust contained the following provision, to-wit: "The interest on the above loan of $2,200 is $13.50 per month, to be paid at the end of each and every month." This stipulation in respect to interest, being at a rate exceeding six per cent., rendered the deed of trust usurious on its face, and therefore non-enforcible. The Chancellor so decreed.

It appears that, on the hearing and after the cause had been partially argued, the counsel representing complainants asked leave to file an amended bill, which was granted. It was charged in this amended bill that all the property of Mary E. Goodlet belonged to her as her separate estate, with full power to charge the same, by virtue of

a marriage contract entered into between her and the defendant, Henry E. Goodlet, before their marriage. The bill alleged that the trust-deed was executed with the distinct understanding that the amount secured—to wit, the sum of $2,200—was to be an express charge and lien on the Market Street property, which was the separate estate of the said Mary E. Goodlet. The amended bill prayed that if a sale of this property could not be had under the trust-deed, on account of the usury appearing on its face, then that the plaintiff therein was entitled to a decree for the sale of the said property by virtue of the verbal agreement which Mary E. Goodlet had made binding the said separate property to pay said indebtedness.

It is insisted in argument that the trust-deed did not destroy the original agreement, by which the debt was to be a charge on the Market Street lots. We are referred to the case of *Ottenheimer* v. *Cook,* 10 Heis., 313, in which the effect of a note, usurious on its face, was discussed. The Court said: "As between the original parties, a note, usurious on its face, does not operate to extinguish the debt, because it could not be used by either of the parties in evidence. If the payee had sued on the original consideration, he could not have used the note to establish the debt, nor could the maker have used it to show that the pre-existing debt was extinguished."

The insistence of counsel, therefore, is that the

deed of trust must be eliminated entirely, as a factor in the investigation of the case, and the Court can then look to the original transaction between the parties and enforce their agreement, if it appears equitable to do so. The contention of complainant is that, on May 1, 1890, the defendant executed her note to the complainant for the sum of $2,200, agreeing, at the time, that her separate property on Market Street should be bound for its payment, and that this agreement can be enforced, and is not affected by the deed of trust providing for usurious interest, which was afterwards executed. We think this position untenable, for two reasons: (1) When we look to the note, executed by this married woman, we find no provision on the face of it binding her separate estate; and it has been held by this Court that, in such a case, parol evidence is not admissible to show that, at the time of the execution of the note, it was agreed by the married woman that her separate estate should be bound. *Jordan* v. *Keeble*, 1 Pickle, 412; *Ragsdale* v. *Gossett*, 2 Lea, 730. But, if the proof outside the trust-deed is looked to, it shows, in our opinion, that Mrs. Mary E. Goodlet made no verbal charge against her separate estate for the indebtedness. Mrs. Goodlet swears positively that the only thing she said was that she was willing to execute the trust-deed on the Market Street property. She denies that she charged her separate estate in any manner whatever, except as provided in the deed of trust.

Mrs. Wallace, the complainant, does not contradict Mrs. Goodlet, but, on the contrary, confirms the former's statements. Mrs. Wallace says they had several conversations looking toward the execution of the trust-deed. On cross-examination, she stated the only thing Mrs. Goodlet had said was that she would execute the trust-deed.

From the evidence, it is plain that no charge was made by Mrs. Goodlet except what might appear from the trust-deed. Everything that was said and done was in reference to the trust-deed which was to be executed. Such being the case, the only thing that can be looked to to show a charge against the estate of Mrs. Goodlet is the trust-deed itself. Since that instrument is illegal and non-enforcible, the complainant is entitled to no relief.

The decree of the Chancellor is affirmed.