ALBERT SCHEID et al., Complainants, Appellants, v. FAMILY LOAN COMPANY et al., Defendants, Appellees.

(*Nashville*, December Term, 1931.)

Opinion filed January 23, 1932.

ADAMS, DONELSON & POPE, for complainants, appellants.

L. W. TAYLOR and WINCHESTER & BEARMAN, for defendants, appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The Family Loan Company acquired the business and assets of Lincoln Loan Company in March, 1931. Both were licensed to carry on a Small Loan business under chapter 153, Acts of 1925. In 1925, before the merger, the complainants procured a loan of $300 from Lincoln Loan Company. It appears from the bill that they repaid the Lincoln Loan Company $240 of the principal and $112.20 interest and fees allowable under the Act and after the merger paid the family Loan Company $60, the balance of the principal, and $9.46 interest and fees allowable under the Act. It is shown that in addition to the legal interest and fees that Lincoln Loan Company illegally charged and collected from complainants an additional inspection fee of $7.50. It is charged that this illegal exaction of $7.50 rendered the entire contract void, deprived the Lincoln Loan Company and Family Loan Company of the right to recover any portion of the principal, interest and charges, and that they and their sureties are liable to complainants for the total amount so paid.

Complainants are not suing as a borrower to recover usury, under section 3504, Shannon's Code. They are not defending against enforcement of a contract usurious on its face as in *Isler* v. *Brown,* 6 Humph., 277, nor resisting enforcement of a contract made with a Small Loan company upon the ground of its nonenforcibility, as provided in sections 13 and 18 of chapter 153, Acts of 1925.

The bill was filed to recover the principal, interest and legal fees and the $7.50 illegally charged upon the theory that defendants forfeited the principal, interest and fees legally chargeable, because of the illegal exaction of $7.50.

Usury may be recovered by the debtor who has paid it from the lender who has exacted it under the provisions of section 3504 of Shannon's Code, and a voluntary payment of the usury would not preclude the right of recovery expressly given by the statute. *Association* v. *Woods,* 100 Tenn., 134; *Turney* v. *Bank,* 5 Humph., 406. Complainants' action is not to recover usury but to recover back both the sum legally due and the $7.50 illegally exacted.

The chancellor dismissed the bill sustaining two grounds of defendants' demurrer because the Small Loan Act does not authorize recovery under the facts shown and because complainants are precluded by their voluntary payment with knowledge of the facts.

As stated, a voluntary payment of usury would not preclude a recovery in an action by the debtor to recover it, but a voluntary payment of the legal obligation of $300 which complainants admit they contracted for, together with the voluntary payment of an illegal inspection fee of $7.50 would not authorize complainants to re-

cover from the creditor the entire amount that had been voluntarily paid. *Prescott* v. *City,* 154 Tenn., 468.

■ There is no provision of the Act to authorize recovery by complainants of what they voluntarily paid in satisfaction of their legal obligation. The provision relied on by complainants is found in the last paragraph of section 13 of the Act and reads:

"If fees, interest or charges in excess of those permitted by this Act are charged, contracted for or received the contract or loan shall be void, and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever."

Neither this nor the last paragraph of section 18 of the Act prescribes a penalty and forfeiture inuring to the benefit of a borrower after payment of the loan. On a showing of illegal charges on the part of the borrower in an action brought to enforce the claim, the courts would repel the lender operating under the Small Loan Act, but under the Act no penalty is prescribed that would inure to the borrower after voluntary payment of the debt. There is no provision of the Act that could be construed as authorizing the recovery sought by complainants.

The decree of the chancellor is affirmed.