PERSONAL FINANCE COMPANY *v.* PAUL E. HAMMACK *et al.*

(*Knoxville*, September Term, 1931.)

Opinion filed January 25, 1932.

WHITAKER & WHITAKER, HOLMES, CANALE, LOCH & GLANKLER and THOS. A. SHRIVER, for plaintiff in error.

ALTAFFER & HAMMACK, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This suit, begun by warrant of a justice of the peace, was brought under section 3504 of Shannon's Code (Code of 1858, section 1955), to recover "usurious interest," paid by the plaintiff, Hammack, to the Personal Finance Company. The warrant was amended in the circuit court so as to set out in detail the facts surrounding the transaction, and when its demurrer was overruled the Finance Company declined to plead further. Thereupon the circuit court rendered judgment for the plaintiffs, Hammack and wife, from which judgment the Finance Company has prosecuted its appeal in the nature of a writ of error to this court. Errors assigned are that the circuit court erred in overruling the several grounds of demurrer to the warrant.

The section of the Code above cited authorizes recovery of usurious interest by action, at the suit of the party from whom it was taken, etc.

The amended warrant recites that the Personal Finance Company was engaged in the business commonly known as making "small loans," a business regulated by the Public Acts of 1925, chapter 153, the "Small Loans Act," and had endeavored to qualify under said act, when

the plaintiff borrowed $300 from it, which was repaid in twenty monthly installments of $15 each. It is charged that the Finance Company collected from the plaintiff the sum of $94.51 as "interest and fees," which amounted to "usury." The warrant does not designate the nature of the fees included in this sum; nor does it charge that any of the fees collected were unearned. or were demanded as compensation for the use of money, or as a subterfuge to cover and conceal the exaction of interest in excess of 6 per cent per annum.

The sole basis of the charge of usury, as made in the warrant, is that the Finance Company, while undertaking to comply with the Act of 1925, did not obtain a license to do business from the county court clerk, and did not annually file with the clerk a bond as required by the act, the warrant reciting that the Finance Company tendered the requisite license fee to the clerk each year, but that the clerk, acting upon erroneous advice, declined to receive the same; and also reciting that while a new bond was not filed each year, a bond properly conditioned, executed in 1926, was kept alive from year to year. The warrant therefore charges that the designated sum collected from plaintiff was usurious because the Finance Company had not properly qualified to do business under the Small Loans Act; and it is also charged that this result follows because the Small Loans Act is unconstitutional, for reasons averred in the warrant.

The fifth assignment of error is that the warrant shows on its face that no more than 6 per cent interest was charged on the loan, and that the additional sums charged were fees for the unusual services rendered in connection with the making of loans of this character. In sup-

port of this assignment, it is contended for the Finance Company that "usury has not been collected irrespective of whether or not the defendant had complied with the provisions of the Small Loans Act."

While the warrant does not affirmatively recite that the fees charged by the Finance Company were for services rendered in connection with the making of the loan, it wholly fails to charge that the fees collected were not legitimate items of expense which the Finance Company would have been entitled to collect if it had properly qualified under the Act of 1925.

For this defect or omission in the warrant, we think the assignment of error above quoted must be sustained. The case has been presented by the plaintiff upon a mistaken conception of the nature of the Small Loans Act of 1925. The purpose of this act is not to permit companies qualified under it to charge and receive more or additional compensation for the use of money than others are permitted to receive and collect, but the purpose of the act is to restrict, supervise, and regulate the business of making loans of money, in amounts not exceeding $300, and to fix a maximum, beyond which such companies may not go in seeking reimbursement for expenses incurred, and in making charges for services rendered, in the conduct of such business. *Koen* v. *State,* 162 Tenn., 573.

Money lenders, qualified and licensed under the Act of 1925, are not empowered to contract for the service fees and charges arbitrarily to the maximum limit fixed by the Act. As construed in *Koen* v. *State, supra,* the fees and charges contracted for must not only be within the fixed maximum but must also bear reasonable rela-

tion to the expense and services of the lender in the transaction. This was the meaning of the court in the language of the opinion in the case cited that the lender and borrower under the Act are ''free to agree upon a reasonable service charge which in no event could exceed the maximum of three per cent per month.''

Whether the sum contracted for in any particular transaction is a reasonable charge, or a mere evasion of the law against usury, and particularly the provision of the Act of 1925 prohibiting the exacting of interest in excess of at the rate of 6 per cent per annum, may be the subject of judicial inquiry in a proper case. The reasonableness of a maximum charge at the rate of 3 per cent per month, more or less apparent when applied to a loan of a few dollars for a short period, may become more difficult to establish as the amount or term of the loan increases.

It follows, therefore, that a fee collected by a lender from a borrower which would amount to usury, if the lender were not engaged in the business and qualified under the Act of 1925, may also be usury if the lender be qualified and acting under that statute. In either case the fee, or charge for service, would amount to usury if exacted as compensation for the use of the money loaned, in attempted evasion of the general statute against usury.

The courts will always ''disregard the form of the matter, and will look to its real substance.'' *McWhite* v. *State*, 143 Tenn., 222. But this inquiry is made by the courts upon averment that a ''fee'' or other charge exacted in a transaction of lending and borrowing was in reality additional interest, and the warrant before us contains no such averment.

■ The averments of the warrant that the statute is unconstitutional, and that the Finance Company was not properly qualified under it, would not, if true, convert the fees collected into usury; and since the warrant makes the claim of usury to depend only upon such averments, it is properly subject to demurrer, and no judgment for plaintiff could be sustained.

It is to be noted that this is not an action brought by the Finance Company for the recovery of the sum loaned, nor is it a case in which the borrower is invoking the enforcement of penalties and forfeitures imposed by the Act of 1925. The contract of borrowing and lending was fully executed and closed by the repayment of the sum borrowed, with interest and charges, prior to the institution of this suit, and the averments of the warrant make the case simply one for the recovery of usury exacted and received. The warrant contains no averment that interest or compensation for the use of money in excess of 6 per cent per annum was paid by the plaintiff to the Finance Company, and on this ground the judgment of the circuit court will be reversed and the suit dismissed.