JONES et al. v. MEMPHIS SECURITY CO.—69 S. W. (2d) 248.

Western Section.   December 20, 1933.

Petition for Certiorari denied by Supreme Court, February 24, 1934.

T. B. Passmore, of Memphis, for plaintiffs in error.
Knapp & Babendreer, of Memphis, for defendant in error.

KETCHUM, J.   This is an action in replevin brought in a magistrate's court to recover possession of the following described house-

hold goods mortgaged to the plaintiff, a corporation engaged in business under the Small Loan Act (Pub. Acts 1925, chap. 153), to secure the payment of an indebtedness of $70, payable in installments of $5 per month, with interest at 6 per cent. per annum, and a fee of 3 per cent. per month on unpaid balances. The property replevined is described as follows:

1 kitchen table; 1 velour upholstered settee; 2 velour chairs; 1 mahogany center table; 2 oak straight chairs; 1 oak rocker; 1 floral design rug; 1 floor lamp; 1 green end table; 1 bridge lamp; 1 oak rocker; 1 oak chifferobe; 2 iron beds; 3 straight chairs; 1 iron bed; 1 round oak dining table; 1 Singer sewing machine; 1 ice box; 1 kitchen cabinet; 1 Black Diamond cookstove.

This loan was originally made on December 19, 1929, for $60. The defendants paid the installments of $5 per month for the months of January, February, March, and April, 1930, with interest and fees at the rate of 3½ per cent. per month. On May 19, 1930, the loan was increased to $60, and, out of the new advance of $20, the sum of $6.40 was retained to pay the installment of $5 and charges due May 19, and $13.60 was paid to the defendants in cash.

The defendants paid the six installments of $5 per month with the charges at 3½ per cent. per month for the months of June to November, 1930, inclusive, reducing the principal to $30.

On November 26, 1930, the loan was again increased, in the same way, to $70. The defendants made twelve payments of $5 per month, payable December 19, 1930, to November 19, 1931, with interest and charges of 3½ per cent. per month, which reduced the principal to $10 on November 19, 1931.

The defendants lost their jobs and did not meet their payments punctually after that, but did make three payments amounting to $7.13, which, according to the plaintiff's calculation, reduced the debt to $3.84, due April 4, 1932. No further payments were made, and the plaintiff claimed a balance of $4.40 at the time of the filing of the suit.

In the oath for the writ of replevin, the value of the property was fixed at $4.40, and a replevin bond of $8.80 was given. The magistrate rendered judgment for plaintiff for the possession of the property, and the defendants appealed, and at the trial in the circuit court the magistrate's judgment was affirmed. The motion for a new trial was denied, and the defendants have appealed to this court, and assign error here.

There are five assignments of error, which, however, raise the single question that the plaintiff was not entitled, under the Small Loan Act, to make an arbitrary charge of 3½ per cent. per month for this loan to the defendant. We agree with this contention. The proof, according to the plaintiff's own proof, shows that these defendants were never delinquent in the payment of a single installment until the in-

stallment due December. 19, 1931, at which time the principal had been reduced to $10. On this they paid $7.13 in January and March, 1932, reducing the principal to $3.84.

The defendants at no time owed the plaintiff over $70. And for the use of the money and service charges they paid interest of $5.70, and charges of $32.54. We think this was enough, and that the defense of payment was good, and that therefore the defendant in error is not entitled to maintain its replevin suit. Gifford v. Am. Loan Co. (Sup. Ct., May, 1933)[1]; Personal Finance Co. v. Hammack, 163 Tenn., 641, 45 S. W. (2d) 528.

The judgment of the circuit court will therefore be reversed, and, the cause being triable de novo here, judgment will be rendered here in favor of the plaintiffs in error for the return of the property replevined, or, on failure to return the same, for the value thereof. And it appearing from the proof that the fair and reasonable value of said property at the time it was replevined was $100, but there being no evidence as to the damages for the wrongful detention thereof, said judgment will be for the return of the property, or, on failure to return it, the plaintiffs in error will recover of the defendant in error the sum of $100; but, it appearing that the replevin bond is for only $8.80, the judgment against the surety on the replevin bond will be limited to that amount.

The defendant in error will be taxed with the costs.

Senter and Anderson, JJ., concur.

---

[1]Memorandum decision. Not for publication.