STATE *ex rel. v.* FAMILY LOAN CO.

(*Nashville,* December Term, 1933.)

Opinion filed July 14, 1934.

THOS. A. SHRIVER, JR., and CORNELIUS, MCKINNEY & GILBERT, all of Nashville, for appellant.

RUTHERFORD & RUTHERFORD and LURTON GOODPASTURE, all of Nashville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

This is a proceeding under sections 9336-9341 of the Code to oust the defendant for alleged misuse and abuse of its corporate franchise. Defendant demurred, and the chancellor upon overruling the demurrer granted an appeal. The defendant insists through its several assignments of error that the chancellor erred in overruling the demurrer.

It appears from statements in the petition that the defendant, a Georgia corporation, was legally domiciled in Tennessee May 1, 1930, and on May 24, 1930, was licensed to do business under the small loan law, chapter 153, Pub. Acts 1925. It is shown that the defendant has been engaged in the small loan business since 1930. The predicate for relief sought by the bills is: (1) That because the defendant exacts interest in excess of 10 per cent. on loans it is liable to the State and Davidson county for the $250 annual taxes imposed by chapter 134, Pub. Acts 1925, and chapter 89, Pub. Acts 1927, and its act of carrying on business without payment of taxes is declared a nuisance by section 7, article 4, chapter 13, Pub. Acts Second Extra Session of 1931. (2) That the defendant has made use of its powers under the small loan law solely for the purpose of evading the law against usury and to the end that it may oppress borrowers by exorbitant charges for the use of money contrary to the laws and policy of this state.

■■ Corporations accept their franchises upon the implied condition that they will legally use them. That condition extends to domesticated foreign corporations, and such foreign corporations may be ousted for abuse, misuser, or nonuser of the corporate power either by

action of the State under section 9339 of the Code or by suit in the name of the state brought by the district attorney upon relation of a private person under section 9340 of the Code. *State* v. *Campbell,* 8 Lea, 74, 76; *State* v. *Red River Turnpike Co.,* 112 Tenn., 615, 79 S. W., 798; *State* v. *Cumberland Telephone & Telegraph Co.,* 114 Tenn., 194, 86 S. W., 390.

The charges that complainant has not paid taxes due the State and county and that its conduct of business without payment of the tax is by statute declared a nuisance present no ground for forfeiture of a corporate franchise or the banishment of a foreign corporation from the State. The State provides its own means and exercises its own powers to enforce the collection of revenue. By section 7, article 4, chapter 13, Pub. Acts Second Extra Session of 1931, necessary powers are conferred upon state officials to enforce payment of taxes due from corporations. The declaration that their conduct of business without payment of taxes constituted a nuisance was in aid of the state's collection of revenue. Under such circumstances nonpayment of taxes would not authorize a decree ousting defendant from the State. *State ex rel.* v. *Credit Men's Association,* 163 Tenn., 450, 43 S. W. (2d), 918.

The statutory declaration that conduct of the corporate business without complying with the revenue act of 1931 constitutes a nuisance, as we have said, was designed to aid the State in the collection of taxes. The remedy is exclusive and could not be invoked in proceedings in the nature of *quo warranto* upon information of a private person. This is so because the provisions designed for the use of the State against noncomplying taxpayers, by indirection, express the legislative intent that forfeitures

in actions like this are not to be added by way of additional penalties for the reason stated in 7 R. C. L., sections 715, 716.

 The first, second, sixth, seventh, eighth, tenth, twelfth, thirteenth, and fourteenth grounds of demurrer, good if directed to the foregoing infirmative propositions, were properly overruled by the chancellor because directed to the whole bill (Gibson's Suits in Chancery, sec. 305), which, with the objectional matter eliminated, states a cause of action.

 The defendant can only be ousted of its franchise for misuse or abuse of powers which involve its right of existence, for acts that produce or tend to produce injury to the public, for acts perversive of the objects for which it was created and which injuriously affect the public welfare—a purpose which corporations are supposed to promote. A determination of the question of the misuse or abuse of corporate power requires investigation of the facts upon which each complaint is based. This is so because a conclusion must necessarily rest upon the character of the corporation, the object for which it was created, the degree of its misuse or abuse of power, and their injurious effect upon the public, as well as the adequacy of remedies provided for correction of abuses of corporate power. Statements in the bill of defendant's misuse and abuse of the corporate powers are in substance that the corporation was organized for the sole purpose of lending money under the uniform small loan law and that it intentionally uses its corporate power as a cloak for the exaction of usury. A specific charge is that defendant uniformly exacts of borrowers a service fee of 3 per cent. a month, or 36 per cent. a year, in addition to 6 per cent. interest, without

regard to the service rendered, and that defendant uniformly violates the requirement [*Personal Finance Co.* v. *Hammack*, 163 Tenn., 641, 45 S. W. (2d), 528] that the fees charged, in order to avoid usury, shall bear a reasonable relation to the service for which the charge is made.

■ It is charged that the defendant, through its officers, employs and uses oppressive measures in dealing with its patrons, both in exacting usury and in enforcing payment of it. These statements of the bill which must be taken as true on the demurrer are sufficient to require an answer to the charge that the defendant is misusing and abusing its corporate powers.

■ A foreign corporation created to engage in the business of lending money under the small loan law, though subject to regulation by that act, may forfeit its right of domicile in this state by the consistently illegal use of its powers. It was of the essence of the implied contract attending defendant's admission into the state and its licenses to do business that it would conform in the conduct of its business to the laws of the state in such manner as not to inflict injury upon any large class of citizens. 14a C. J., 1112, section 3720.

The near relation between the economic and social structure and inpecunious borrowers is such as to authorize measures for the protection of that helpless class from the consequences of their stupidity, folly, or helplessness. Their injurious exploitations by persons who lend money is calculated to increase poverty and spread mendicancy and so injure the public. Legislation designed to avoid that evil springs from social and economic necessity, and not from the puritan concept that usury is a sin.

■ But in declaring forfeiture of a charter or ouster

of a foreign corporation, courts can indulge in no assumption. They must act with caution and upon facts which demonstrate willful abuse of power. 14a C. J., 1111. And they refuse to decree forfeiture or ouster upon a showing of abuses that may be otherwise corrected.

The action of the chancellor in refusing to sustain the demurrer and dismiss the bill is affirmed, and the cause remanded for answer with leave given defendant to rely upon the grounds of demurrer in its answer to the bill.