FAMILY LOAN CO. OF NASHVILLE *v.* HICKERSON.

(*Nashville*, December Term, 1933.)

Opinion filed July 14, 1934.

THOMAS A. SHRIVER, JR., and CORNELIUS, McKINNEY & GILBERT, all of Nashville, for appellant, Family Loan Company.

HORACE OSMENT, of Nashville, for appellee, Hickerson.

MR. JUSTICE COOK delivered the opinion of the Court.

This is a proceeding under section 8835 of the Code to 'obtain a decree declaratory of the rights and obligations of the defendant, a borrower, from the complainant, a lender, licensed and operating under the Small Loan Act, chapter 153, Pub. Acts 1925; section 6721 and subsequent sections of the Code.

The chancellor sustained some grounds of defendant's demurrer to the bill and overruled others. Upon defendant's refusal to plead further the chancellor entered a declaratory decree from which both parties appealed. The case is here for review upon the bill, demurrer, and assignments of error to the action of the chancellor.

It is shown by the bill that defendant obtained a loan of $150 from the complainant on September 15, 1933, and contracted to pay interest at the rate of 6 per cent. per annum and fees of 3 per cent. per month on the principal and any balance due for the duration of the loan. Without giving a date, it is stated that defendant paid $81.76, and complainant applied $60 to reduction of the principal, $3.11 to interest, and $18.65 to fees. It is charged that the defendant is in default and refuses to make any additional payment, claiming that by its exaction of excessive fees the complainant forfeited the principal, interest, and fees, and that the forfeiture is now enforceable under sections 6734-6740 of the Code. It is said the defendant contends that the fees charged are unreasonable and

that the burden is upon complainant to show that the charge was reasonable, and without such showing the court should declare the debt forfeited.

Complainant alleges that the small loan companies licensed to do business in this state are not limited by the act to a charge of fees for services actually rendered, but that sections 6733, 6734, of the Code, which fix the interest and fees, are declaratory of the fact that the charge is reasonable and that it is authorized by the provision of the law to charge and collect the maximum fee of 3 per cent. per month on all loans for the life of the loan.

In support of the allegation that a uniform fee of 3 per cent. per month is a reasonable and necessary charge, complainant exhibited with the bill statistics and data to show the result of licensed companies and the result of operations of the complainant and its affiliates and that complainant's earnings for 1931, 1932, and 1933 do not exceed 9 per cent. per annum on the capital invested, which it is said is a reasonable return, and establishes the fact that a service fee of 3 per cent. per month on the amount of the loan as fixed by statute is a reasonable charge. It is said that the legislative intention expressive of the fact that the charge of 3 per cent. per month is reasonable is disclosed by the provisions of the act which distinguish interest from fees and fix the amount of each, the first for the use of money and the second for services rendered the borrower in investigating his financial and moral standing, examining titles, and to cover the company's overhead expenses, including rents, taxes, and salaries. It is said that this intent is further expressed by the provision of the act which requires small loan companies to estimate the fee at the

time of the loan and that this requirement makes it necessary to allocate necessary expenses in advance. And so it is alleged that the Legislature fixed the maximum fee of 3 per cent. per month as the charge to be made for service to the lender, a charge which experience has demonstrated to be reasonable not only by reference to the earnings of small loan companies but by comparison of their net income with the net income of other like capital investments.

Upon these premises complainant prayed for a declaration determinative of the propositions:

First. Where the borrower has not repaid a sum equal to the principal but asserts that the fees contracted for and charged by the lender are unreasonable, whether or not the burden is upon the borrower or the lender.

Second. Where the sum repaid does not equal that borrowed, whether or not an action by the borrower seeking a forfeiture of the loan is premature.

Third. Whether a net return of approximately 10 per cent. on the actual investment reasonably used and useful in the conduct of a small loan business, authorized by the Legislature to render to its borrowers certain collateral or incidental services, is a reasonable and lawful return when the character of the business and the return of others in similar businesses, etc., are considered.

Fourth. Whether the Small Loan Act authorizing licensees thereunder to render certain services to borrowers intended to require the small loan companies to make only charges representing actual expense and cost of each item of the service authorized to be rendered, or whether such act intended simply to limit the fee charged to an amount, not above 3 per cent. per month, reason-

able under all the circumstances and in light of the experience of complainant and others engaged in the same business.

Fifth. Whether it is the intent and purposes of the Small Loan Act, in the public interest, to vest in the Department of Banking the supervision and regulation of small loan companies to the end that this department may ascertain and determine the reasonableness or unreasonableness of the fees charged by complainant and others licensed and qualified under the provisions of the Small Loan Act, and whether in the absence of any determination on the subject by this regulatory body there can be legally any cause of action by the defendant to require a showing by complainant in an individual suit brought by defendant of all of the facts and figures pertaining to complainant's business, so as to undertake to have the court in such an isolated transaction make a determination as to reasonableness or unreasonableness of the fees charged.

■ The Legislature could not clothe small loan companies with the right to uniformly charge all borrowers the maximum fees of 3 per cent. per month, in addition to interest on all loans. Had the act been open to no construction other than that it conferred power upon loan companies to charge the maximum fee without reference to the service rendered, it would have been the duty of the court to declare the act void because violative of article 11, section 7, of the Constitution, and because unreasonably discriminatory against other money lenders. *Koen* v. *State*, 162 Tenn., 573, 39 S. W. (2d), 283; *McKinney* v. *Hotel Co.*, 12 Heisk., 104; *Caruthers* v. *Andrews*, 2 Cold., 379.

The pre-existing right of a lender to reasonable compensation for service rendered the borrower in connection with a loan was recognized by the Legislature, and to measureably check abuses so often associated with such transactions it was declared. by the act that any charge beyond the maximum fee therein fixed for the service would work forfeiture of the loan. The maximum fixed and the penalty for exceeding it was intended for the benefit of the borrower and not designed to confer power upon small loan companies to arbitrarily charge the maximum fee.

Looking to the bill we find that the amount the defendant contracted to pay complainant did not exceed legal interest and the maximum service fee. The contract is *prima facie* valid. See *Richardson* v. *Brown,* 9 Baxt., 242; *Wallace* v. *Goodlet,* 93 Tenn., 598, 30 S. W., 27; *Stewart* v. *Lathrop,* 95 Tenn., 501, 32 S. W., 464. If the contract includes usury not apparent, the defendant could only avoid the usurious excess by plea under section 7310 of the Code and the burden would be upon him to support the plea by adequate proof. *Hamilton* v. *Moore,* 7 Humph., 35; *Turney* v. *State Bank,* 5 Humph., 407; *Parker* v. *Bethel Hotel Co.,* 96 Tenn., 289, 34 S. W., 209, 31 L. R. A., 706.

Under no circumstances could the defendant assert claim to usury before payment of the principal, legal interest, and something in excess shown to be usury. Nor could he invoke forfeiture under sections 6734-6740 of the Code unless it was shown on the face of the contract or otherwise that the fees charged exceeded the maximum authorized by the statute. See *Scheid* v. *Family Loan Co.,* 163 Tenn., 612, 45 S. W. (2d), 54. There-

fore, upon the first and second propositions above stated we adopt the declaration of the chancellor as follows:

██ "That the Small Loan Act, codified at sections 6721 et seq. of the Code of 1932, authorizes and empowers a small loan company qualified to do business under said Small Loan Act to charge a fee 'not above three per cent per month of the principal sum lent over the term of the loan,' and any borrower seeking affirmative relief based on any averment that a fee not above 3 per cent. per month of the principal sum lent over the term of the loan is exorbitant or does not bear a reasonable relation to the expenses and services of the lender in the transaction, and, therefore, amounts to the charging of usurious interest, would be under the duty of establishing or proving such averment by a preponderance of the evidence, and the small loan company would not, primarily, be under the duty of justifying the charging of such fee not above 3 per cent. per month unless and until the borrower had established by a preponderance of the proof a *prima facie* case showing affirmatively that such fee not above 3 per cent. per month does not bear a reasonable relation to the expenses and services of the lender in the particular transaction. The court is of the opinion that the burden of going forward with the proof in any specific case may shift from time to time, but no presumption in favor of a borrower seeking affimative relief arises by a mere showing by the borrower that the small loan company charged a fee not above 3 per cent. per month of the principal sum lent over the term of the loan."

██ Contrary to the conclusion of the chancellor, any action by the borrower seeking forfeiture of the debt for

usury or excessive fees, not exceeding the maximum interest and fees allowed by the act, would be premature if commenced before repayment of an amount equal to the principal sum borrowed and legal interest. This is so because the contract is *prima facie* valid when the interest and fees do not exceed the maximum, and the right of the borrower to avoid a usurious excess cannot be asserted until he has repaid principal and legal interest. The borrower has not been injured, therefore has no right of action until payment of usury.

We do not concur in any finding or implication that may attend the declaration of the chancellor that the act authorized the imposition of service fees within the maximum sufficient to produce the lender any given average return on the capital invested in the business, or that in determining whether the fees bear reasonable relation to the service rendered the borrower that the lender may include extraneous expenses, such as rents, taxes, and salaries.

As held in *Personal Finance Co.* v. *Hammack,* 163 Tenn., 645, 45 S. W. (2d), 528, the act is regulatory. The purpose was to impose restraint on those engaged in dealing with impecunious borrowers, by regulating the maximum that could be charged and by providing penalties and forfeitures for exceeding the maximum. By the adoption of this regulatory statute the Legislature conferred no right upon lenders operating under it to exact more as compensation for the use of money than others are permitted to receive and collect. Whether the contract between the borrower and lender was designed to evade laws that forbid usury is always a question of fact determinable by inquiry into the particular

transaction. Extraneous charges and expenses cannot be added. It is the rule repeatedly expressed in the actions involving claims for usury that the courts disregard form and look to the substance. *McWhite* v. *State,* 143 Tenn., 222, 226 S. W., 542.

So it was held in *Personal Finance Co.* v. *Hammack* that the transactions of small loan companies are open to inquiry for the purpose of determining whether or not the fees charged by the lender bear a reasonable relation to the service rendered or whether a charge was arbitrarily made with a view of evading the laws against usury.

Notwithstanding the act fixed the maximum fee at 3 per cent. per month, it was declared by the opinion in *Personal Finance Co.* v. *Hammack* that the fees for services are justified only when they bear reasonable relation to the expense and services of the lender to the borrower in the transaction; and that when a claim for services exacted by an unlicensed lender would constitute usury, it would likewise constitute usury if exacted by one engaged in the business and qualified under the act.

We concur in the declaration of the chancellor that, as provided in the statute, the complainant may estimate the expense fee and contract with the borrower for a sum equal to the reasonable estimated value of services in closing the loan, but in this estimate it could not include as a legitimate charge elements which it may consider necessary to cover overhead. Nor do we find that the Legislature intended to or could have authorized small loan companies licensed under the act to estimate and charge a fee sufficient to produce any fixed or definite average return on the investment. Legislation in viola-

tion of the constitutional restraint upon the power to regulate interest for the use of money could not be enacted so as to confer power upon loan companies or any other lender to contract for and take more than legal interest in order that such lender may be assured a reasonable return on the investment, and the inclusion of the lender's expenses for rents, salaries of its employees, and losses on loans could not be made legitimate by a statute.

We also concur in the declaration of the chancellor that the Small Loan Act does not vest in the Department of Banking the supervision and regulation of small loan companies so as to confer upon that Department the power to arbitrarily fix the fees and declare its fixation reasonable. This is necessarily so because usury is dependent upon whether the contract includes something in excess of legal interest and in excess of legitimate expenses for services rendered in the particular transaction. The lender could not obtrude extraneous items in fixing the charge for services rendered the borrower. As said in *Personal Finance Co.* v. *Hammack*, the reasonableness of the maximum charge of 3 per cent. per month, more or less apparent when applied to a loan for a short period, may become more difficult to establish as the amount or the time of the loan increases. It was clearly stated in the opinion that in determining the reasonableness of the relation between the service rendered and the charge made for the service, the inquiry should be limited to the particular transaction.

Beyond what has been said we cannot make a declaratory decree because the other questions are remote, incidental, and determinative of no controversy

between the complainant and the defendant. *Hodges* v. *Hamblen County*, 152 Tenn., 395, 277 S. W., 901; *Nashville Trust Co.* v. *Dake,* 162 Tenn., 356, 36 S. W. (2d), 905; *General Securities Co.* v. *Williams,* 161 Tenn., 50, 29 S. W. (2d), 662.

A declaratory decree in lieu of the decree of the chancellor will be accordingly entered in this court.