WILLIAMS *v.* PERSONAL FINANCE CO.

*(Nashville,* December Term, 1937.)

Opinion filed Jan. 16, 1937.

RICHARD MARSHALL and E. T. HOLLINS, JR., both of Nashville, for plaintiff in error.

CORNELIUS, MCKINNEY & GILBERT and (THOS. A. SHRIVER, JR., all of Nashville, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Two suits by Williams, instituted before a justice of the peace, to recover usury paid under the Small Loan Act (Code 1932, section 6721 et seq.). The suits were dismissed by the justice of the peace. Upon appeal to the circuit court, the cases were heard together, and at the close of plaintiff's testimony, upon motion, the trial judge directed a verdict in favor of defendant, on the ground that there was no material evidence upon which the jury could base a verdict. In the Court of Appeals the judgment of the trial court was affirmed.

Plaintiff, Williams, made two loans of $250 each from defendant, which he repaid with 6 per cent. interest ($15.34) and 3 per cent. per month service charges ($92.09). Williams testified that he had no knowledge as to what would be a reasonable charge, and introduced as his witness Brown, manager of defendant, who gave the same testimony. Brown further testified that it was

a troublesome case; that the company incurred expense in investigating plaintiff's character and financial standing; in writing two notes and mortgages; that plaintiff gave checks on a bank at Goodlettsville, which were turned down, necessitating a number of trips to that town, and also to the Tennessee Industrial School, where Williams was employed. Brown also testified that the enumerated services were performed by employees of the company, who furnished their own automobiles and who were on regular monthly salaries.

Counsel for plaintiff, relying upon a statement in *Family Loan Company* v. *Hickerson*, 168 Tenn., 36, 73 S. W. (2d), 694, 94 A. L. R., 664, to the effect that the lender may not include extraneous expenses, such as rents, taxes, and salaries, in arriving at a reasonable service charge, insist that since the services herein were performed by salaried employees that the company has incurred no expense, and judgment should be entered against it for the full amount charged for services, to wit, $92.09.

Counsel have misinterpreted the opinion in the Hickerson Case. The court did not intend to hold that no recovery could be had for such services as were rendered in the instant cases because performed by salaried employees. If this were true, then no charge could ever be made for such services because they are necessarily performed by employees, and whether such employees are paid by the month or only for each service rendered is immaterial. The statement in the Hickerson Case, upon which counsel for plaintiff rely, was simply a refutation of the contention of the loan company that it could contract for and collect from each borrower a service fee to be arrived at by allocating to

each loan its proportionate part of the aggregate of the company's overhead expenses, including rents, taxes, and salaries. In each case the fees must bear a reasonable relation to the service rendered the borrower, excluding all extraneous expenses. In these cases the expenses incurred in investigating the character of the borrower, writing mortgages, making trips to Goodlettsville and to the Tennessee Industrial School were not extraneous expenses, but were expenses related to and incurred in the transactions for which the charges were made.

In the Hickerson Case the court reaffirmed the rule that such contracts as are here involved are *prima facie* valid, and that the burden of proof is on the borrower to show that the transaction was in fact usurious.

It appearing that defendant rendered services for which it was entitled to compensation, and the plaintiff having failed to carry the burden of showing that the service charges were unreasonable, it necessarily follows that there was no material evidence upon which the jury could base a verdict, and hence the trial court very correctly directed a verdict for the defendant.

Writ denied.