GOLIGHTLY *v.* HERMITAGE LOAN CO.

(*Nashville,* December Term, 1936.)

Opinion filed January 16, 1937.

T. B. PASSMORE, of Memphis, for appellant.

W. C. RODGERS, of Memphis, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the complainant against the defendant, a small loan company, to restrain the foreclosure of a chattel mortgage executed by complainant on her furniture to secure a loan obtained by her from defendant and to have her note and the mortgage delivered up and canceled on the ground that the indebtedness had been fully satisfied. The suit was dismissed by the chancellor after a jury trial. The Court of Appeals reversed the chancellor's decree and remanded the case for another hearing. Defendant has filed a petition for *certiorari*.

The bill was filed December 31, 1934. Complainant testified that on July 28, 1932, she borrowed from defendant $200, signing a note and executing a chattel mortgage as aforesaid; that the note was payable in twenty equal monthly installments and provided for additional payment of ½ per cent per month as interest and 3 per cent per month as fees on the unpaid monthly balance of principal. She testified that up to November 14, 1934, she had paid on this loan to defendant a total sum of $239.25, of which defendant credited $90 to principal and $149.25 to interest and fees, of which latter sum $21.32 was interest and $127.93 was fees. That she had paid $17.93 more than the total principal and legal interest.

Complainant further testified that the only services rendered to her by defendant, besides the use of the money, were making inquiries of credit references she gave upon applying for the loan and making up and recording the necessary papers. That she was in the

office of defendant about thirty minutes when she made the application and that this time was taken up in filling out the application with a financial statement and credit references. That she was told defendant would go out and inspect her household goods proposed to be mortgaged and that her financial statement and credit references would be investigated. That a representative of defendant did come out to her house and look at her furniture and that two days after she filed her application she was called by defendant and went in and signed the papers and got the loan. That during the course of the loan she had gotten two or three letters about delinquent payments. That she had talked to defendant over the telephone on one or two occasions requesting extensions, that she had moved two or three times since obtaining the mortgage but that she had not changed her telephone number during the time and that defendant could have at any time reached her by calling that telephone number. She introduced a card containing a record of payments made by her which substantiated her claim as to the amount of such payments.

The defendant introduced no proof at all, and the case went to the jury upon the testimony of the complainant. On cross-examination she said this was her first experience with any loan company and that she did not know of any expense defendant had incurred during her loan other than those she had recited.

Two issues were submitted to the jury, as follows:

"1. Was the 3% per month on unpaid monthly balances charged and collected by defendant an unreasonable charge for the expenses and services of defendant as lender in connection with the transaction involved in this cause?

"2. If your answer is 'yes' to Issue No. 1, then answer what is a reasonable charge for such expenses and services?"

The jury returned a negative answer to the first issue, rendering it unnecessary to answer the second.

The chancellor instructed the jury that "the contract executed by the complainant in this suit is presumed to be lawful, and the burden of proof is on the complainant to show that the charge is unreasonable, and therefore illegal as being usury."

The chancellor further charged the jury "the burden of proof is on the complainant in both of the issues presented. This is true because a charge of 3% per month as fees is presumed in law to be a reasonable charge."

The Court of Appeals was of opinion that this charge was partly erroneous and, as a whole, misleading upon the proof developed in the case. We think the Court of Appeals was right.

In our opinion, there was no burden on the complainant of showing what was a reasonable charge for the services rendered by the defendant in connection with this loan. Primarily, the burden was on her to introduce evidence to show that the service charge made was unreasonable, and this, we think, she did.

The Small Loan Act, carried into the Code at section 6721 et seq., has been considered in recent decisions of this court. *Personal Finance Co.* v. *Hammack,* 163 Tenn., 641, 645, 45 S. W. (2d), 528; *Family Loan Co.* v. *Hickerson,* 168 Tenn., 36, 73 S. W. (2d), 694, 697, 94 A. L. R., 664.

In *Family Loan Co.* v. *Hickerson,* this court adopted and approved the declaration of Chancellor Howell with respect to the statute as follows:

"That the Small Loan Act, codified at sections 6721 et seq. of the Code of 1932, authorizes and empowers a small loan company qualified to do business under said Small Loan Act to charge a fee 'not above three per cent per month of the principal sum lent over the term of the loan,' and any borrower seeking affirmative relief based on any averment that a fee not above 3 per cent per month of the principal sum lent over the term of the loan is exorbitant or does not bear a reasonable relation to the expenses and services of the lender in the transaction, and, therefore, amounts to the charging of usurious interest, would be under the duty of establishing or proving such averment by a preponderance of the evidence, and the small loan company would not, primarily, be under the duty of justifying the charging of such fee not above 3 per cent per month unless and until the borrower had established by a preponderance of the proof a prima facie case showing affirmatively that such fee not above 3 per cent per month does not bear a reasonable relation to the expenses and services of the lender in the particular transaction."

We are of opinion that when the borrower introduces proof tending to show that the services rendered by a loan concern are trivial and introduces proof showing a service charge made against him that is apparently extortionate, as in this case, the burden of going forward with the evidence shifts, and it then becomes the duty of the lender to introduce proof to justify the service charge made.

As heretofore stated, the lender in the case before us offered no proof at all, notwithstanding the borrower had introduced proof indicating that the service charge made

was excessive and bore no reasonable relation to the services rendered.

The chancellor was not asked to withdraw this case from the jury.

The petition for *certiorari* is denied.