B. A. C. CORPORATION *et al. v.* DARR *et al.*

(*Knoxville*, December Term, 1939.)

Opinion filed April 6, 1940.

WHITAKER & WHITAKER, of Chattanooga, for plaintiffs in error.

RAULSTON SCHOOLFIELD, of Chattanooga, for defendants in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The question for decision is the right of a transferee of a note, executed under the Small Loan Act, Code 1932, Section 6721 et seq., to collect the monthly charge of 3 per cent for services and expenses provided therein, the transferee not being qualified to engage in the Small Loan business.

So much of the note as is involved in this proceeding is as follows:

"240.00                          Chattanooga, Tennessee,
                                       "January 13, 1937

"For value received, the undersigned jointly and severally promise to pay to Personal Finance Company of Chattanooga, at its office, Third Floor, 735 Market Street, Chattanooga, Tennessee, the sum of Two Hundred Forty & 00/100 Dollars, the actual amount of money lent and paid to the undersigned, in Twelve (12) instalments as follows: $20.00 on the 13 day of February, 1937, and the same sum on the same day of each consecutive month thereafter until said principal shall have been paid. The maturity date of this loan is January 13, 1937. The undersigned jointly and severally promise to pay in 12 successive monthly payments on the 13 day of each consecutive month hereafter on the unpaid principal balances of this note, the following:

"(a) Interest at the rate of one-half per cent ($\frac{1}{2}$%) per month, and

"(b) Fees for services and expenses of 3% per month (see 'Footnote'), said interest and fees at said rates being payable after maturity as well as before maturity and until said principal sum shall have been paid.

"The principal amount hereof may be paid at any time with interest and fees at the above rate to the date of payment."

The note also contains the usual acceleration clause, and was duly signed and delivered by the defendants.

On May 31, 1937, the B. A. C. Corporation was chartered and took over all the assets of the Personal Finance Company, including all unpaid notes, the management and employees of the two corporations being identical. The Personal Finance Company was qualified and li-

censed under the Small Loan Act, while the B. A. C. Corporation was not so qualified, but was only licensed for the business of purchasing and collecting notes.

This suit was instituted on August 26, 1938, by the B. A. C. Corporation and the Personal Finance Company, for use of the B. A. C. Corporation, before a justice of the peace, who rendered judgment in favor of plaintiff for $143.42, which included the 3 per cent monthly charge for services and expenses. Upon appeal, the circuit court reduced the judgment to $77.15, balance of the unpaid principal with 6 per cent interest. The plaintiff alone appealed the case to the Court of Appeals, in which court it insisted that it was entitled to the 3 per cent fees, as adjudged by the justice of the peace.

The Court of Appeals affirmed the judgment of the trial court upon the ground that the case was heard upon oral testimony, which was not preserved and made a part of the record by bill of exceptions. That was not necessary since, upon the request of counsel as provided by Section 8811 of the Code, the trial court made a written finding of facts, which was satisfactory to all parties, and which was spread upon the minutes of the court and copied into the transcript.

The Court of Appeals also dismissed a petition to rehear, taking the further position that the case could not be considered upon its merits for the reason that the motion for a new trial was not made a part of the record. In so holding it committed error since it appears that such motion was spread upon the minutes and made a part of the record.

The case presents a question of law only; so that, following our practice, we will dispose of the case upon its merits without remanding it to the Court of Appeals.

■■ We think the trial court was correct in disallowing the monthly fees of 3 per cent.

By section 6721 of the Code it is provided: "No person shall engage in the business of making loans of money, credit, goods or things in action in the amount of three hundred dollars or less, and charge, contract for or receive a greater sum than six per cent. per annum therefor, except as authorized by this law, and without first obtaining a certificate from the superintendent of banks and a license from the county court clerk (hereinafter called the licensing official) of the county in which the said person proposes to do business. The provisions of this law shall, also, apply to all persons engaged in the business of buying, purchasing or taking assignments of any wages, or salary due or of any future salary or wages, who for the purposes of this chapter shall be deemed to be engaged in the business of lending money."

Section 6740, in part, is as follows: "No person, except as authorized by this law, shall directly or indirectly charge, contract for or receive any interest or consideration greater than six per cent. per annum upon the loan, use or forbearance of money, goods, things in action or upon the loan, use or sale of credit to the amount of three hundred dollars or less."

It thus appears by clear and unequivocal language that such fees can be collected only by those who comply with the requirements of the Small Loan Act. To permit the B. A. C. Corporation to collect such fees would violate both the letter and the spirit of the act, and would permit it to do indirectly what it is expressly prohibited from doing directly.

Because of the extremely high charges allowed under the Small Loan Act, and the ease with which unscrupulous lenders might evade the law, the Legislature has

seen fit to prescribe numerous regulatory measures, which it is unnecessary to enumerate in this opinion, but which have to be complied with before such fees can be collected.

The fact that this loan was evidenced by a note does not alter the situation since it is not a negotiable instrument.

Section 7325 of the Code is as follows:

"An instrument to be negotiable must conform to the following requirements:

"(1) It must be in writing and signed by the maker or drawer;

"(2) Must contain an unconditional promise or order to pay a sum certain in money;

"(3) Must be payable on demand, or at a fixed or determinable future time;

"(4) Must be payable to order or to bearer; and

"(5) Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The note in suit is for an uncertain sum. It provides maximum service fees, but the lender can collect only such fees as are commensurate with the services rendered. *Family Loan Co.* v. *Hickerson,* 168 Tenn., 36, 73 S. W. (2d), 694, 94 A. L. R., 664; *Personal Finance Co.* v. *Hammack,* 163 Tenn., 641, 45 S. W. (2d), 528. This note is not payable on demand or at a fixed or determinable future time, and it is not payable to order or to bearer.

Since the Court of Appeals reached a correct result in affirming the judgment of the trial court, this court must deny the writ.